Frederica PURDY, Plaintiff

v.

Abraham RIBICOFF, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. No. 16–59.

United States District Court
D. New Jersey.

Oct. 31, 1961.

Garven, Gelman & Hollander, by Wilfred W. Hollander, Hackensack, for plaintiff.

Chester A. Weidenburner, U. S. Atty., by Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., for defendant.

MEANEY, District Judge.

A complaint was filed in this court contesting the findings of the Appeals Council of the Social Security Administration of the Department of Health, Education and Welfare which denied coverage to the plaintiff's decedent.

On June 28, 1956, William J. Purdy and Frederica Purdy, his wife, filed applications with the Bureau of Old Age and Survivors Insurance for benefits under the Social Security Act, 42 U.S.C.A. § 301 et seq. Shortly thereafter, on September 19, 1956, Mr. Purdy died and his widow, Frederica, applied for lump-sum benefits and widow's survivor's benefits under the same Act. After a determination by the Bureau that no benefits were payable to her, she requested, and received, a hearing before a referee who found that she was entitled to the benefits for which she had applied. This finding was reviewed by the Appeals Council which reversed the referee. Within due time the plaintiff herein commenced her action to review this adverse determination made by the delegate of the Secretary of the Department, which was a final administrative decision. The action was appropriately initiated under 42 U.S.C.A. § 405(g).

The factual situation upon which the claim was made is as follows: William J. Purdy was a tax collector for the Township of North Bergen, N. J. and had been so employed for over twenty-five years. In January, 1955 the township came under the provisions of the Social Security Act pursuant to 42 U.S.C.A. § 418.

On April 29, 1955, Purdy was notified by a town councilman that he was being relieved of his position, effective May 1, 1955. Contemporaneously one Ellis was appointed to the post heretofore occupied by Purdy. On April 30, 1955, the other members of the Council restored Purdy to his position. Ellis then filed a civil action against the township and Purdy, alleging that he was entitled to the appointment. There was a cross complaint, which is immaterial, as on February 23, 1956, judgment was entered in favor of the township and Purdy. Meanwhile neither Ellis nor Purdy had been paid. In April, 1956, after the termination of the litigation, the Township of North Bergen paid to Purdy the sum of $2,650 in settlement of all salary claims by him against the township from May 18, 1955 through March 31, 1956, on which date he did in fact retire. From this amount there was a deduction of $53 for social security.

The claim of Mrs. Purdy for widow's benefits is based on the provisions of 42 U.S.C.A. § 402(e) and for lump-sum benefits under 42 U.S.C.A. § 402(i). To entitle the plaintiff herein to recover widow's benefits, her deceased husband must have been "fully" insured and for her recovery under § 402(i) the decedent must have been "fully" or "currently" insured. For the purpose of this action "currently insured" has been defined in 42 U.S.C.A. § 414(b) as follows: "The term 'currently insured individual' means any individual who had not less than six quarters of coverage during the thirteen-quarter period ending with (1) the quarter in which he died * * *." A quarter is defined by § 413(a) (1) as "a period of three calendar months ending on March 31, June 30, September 30, or December 31." Section 413(a) (2) (B) states that a quarter of coverage in the case of a quarter occurring after 1950 means "a quarter in which the individual has been paid $50 or more in wages * * *."

The term "fully insured" is used in the case of any individual, who did not die prior to January 1, 1955, to denote any individual with respect to whom all but four of the quarters elapsing after 1954 and prior to (i) July 1, 1957. are quar-

ters of coverage but only if not fewer than six of such quarters so elapsing are quarters of coverage. Section 414(a) (3).

Therefore in order to succeed, on her claims, Mrs. Purdy would have had to show that Mr. Purdy was paid $50 or more *in wages* for at least six quarters. Mrs. Purdy having died since the institution of suit, her successor in interest is under the same obligation.

On the ground that the decedent did not have the required six quarters of coverage, ultimately the Appeals Council as before related held that Mrs. Purdy was not entitled to the benefits for which she had applied.

It is uncontested that Purdy had coverage for the first and second quarters of 1955 and for the second and third quarters of 1956.

During the first quarter of 1956 Purdy was paid $2,650 by the Township of North Bergen, as above set forth.

The whole question upon which the claims of Mrs. Purdy hinge is whether or not this payment should be considered as wages to be allocated to the monthly periods during which Purdy was not actively engaged in the duties of his position. If the $2,650 is found to be wages and is allocated as such to these monthly periods, then he had sufficient coverage under the requirements of the Act. If it is found that the payment was not wages, then Purdy had only four quarters of coverage.

Wages are defined in the statute as remuneration paid for employment, and employment is defined as service of whatever nature performed by an employee for the person employing him. Excluded from the comprehension of that term of wages is any payment (other than vacation or sick pay) made to an employee after the month in which he attains retirement age, if he did not work for the employer in the period for which such payment is made.

At the time of the payment of $2,650 to Purdy he was over the retirement age and it is undisputed that during the period for which the $2,650 was paid he did no actual work.

The Government contends that under no sustainable construction, in view of the provisions of section 409(i) of the Social Security Act, can the payment to Purdy made in the first quarter of 1956 be considered as wages paid for any quarter in which he did not actually work. The claimant relies on the decision of the United States Supreme Court in the case of Social Security Board v. Nierotko, 1946, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718. In that case the Supreme Court held in effect that back pay awards made under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., to employees reinstated under that Act, are to be considered as payment of lost wages, and as such they are to be allocated over the period of unemployment. The rationale of that decision seems to be that where one is wrongfully deprived of his work, he is entitled to reparation based on the loss of wages which the employee has suffered, and the money so paid is back pay for the period during which he was deprived of the opportunity to perform his functions.

Though the acts upon which our opinion must rest were passed upon by Congress with full knowledge of the Nierotko case, and despite the language used in the definition of wages, excluding from coverage employees who have reached retirement age if they did not *work* for the employer in the period for which such payment is made, this court concludes that the reasoning and terminology used by the Supreme Court in the Nierotko case are applicable to the provisions of the Social Security Act. The payment made to Purdy was certainly not in the nature of a gift, nor was it compensation for the last quarter in which it was paid. It would appear that the money paid was compensation for the work which Purdy would have done had he not been wrongly prevented from so doing.

The motion for summary judgment for the plaintiff's successor in interest will be granted.

This will serve as findings of fact and conclusions of law.

Let an order be submitted.