**Bertha KELLEY, Plaintiff,**

**v.**

**Anthony CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 389–64.**

United States District Court
D. New Jersey.

June 8, 1965.

David Schechner, Newark, N. J., for plaintiff.

David M. Satz, Jr., U. S. Atty., by Martin Tuman, Asst. U. S. Atty., Newark, N. J., for defendant.

AUGELLI, District Judge:

This is an action brought under Section 205(g) of the Social Security Act (Act), 42 U.S.C.A. § 405(g), to review the final decision of the Secretary of Health, Education and Welfare, denying plaintiff's application for old-age insurance benefits. Defendant has moved for summary judgment.

Plaintiff filed an application for old-age insurance benefits on February 15, 1963. This application was disallowed on the ground that she had insufficient quarters of coverage for fully insured status to be entitled to benefits under Section 202(a) of the Act, 42 U.S.C.A. § 402(a). The disallowance was affirmed on reconsideration and again by the Hearing Examiner after hearing, and the Appeals Council denied her request for review.

In order to be entitled to benefits, based on her alleged date of birth as February 6, 1898, plaintiff needed nine quarters of coverage, or at least one quarter for each calendar year from 1950 to her sixty-second birthday. 42 U.S.C.A. § 414(a) (1)(A). A "quarter of coverage", as defined by the Act, requires either that $50.00 or more has been paid in wages or $100.00 or more has been credited in self-employment income to the individual in a quarter of the year. 42 U.S.C.A. § 413(a)(2). There is an additional requirement that in order to be credited with self-employment income, the individual must have also had net earnings from a trade or business of not less than $400.00 in the taxable year. 42 U.S.C.A. §§ 411(b), 413(a)(2).

Plaintiff had reported self-employment income of $1090.00, $1140.00 and $1190.00 for the years 1960, 1961 and 1962, respectively. However, she could not furnish the names and addresses of her customers during that period. This income was deleted from her wage record on the ground that she had not established that she was self-employed in a trade or business during these years. After this deletion of income, plaintiff had insufficient quarters of coverage.

Plaintiff contends that she was self-employed in the catering business, and therefore entitled to quarters of coverage for the period in question since she earned more than $400.00 a year and $100.00 in each quarter. The Hearing Examiner determined that plaintiff was an employee earning wages for domestic service as a cook in a private home of an employer during the years in issue, and therefore only entitled to quarters of coverage for the calendar quarters in which she was paid $50.00 or more by the employer. 42 U.S.C.A. § 409(g)(2).* He found that plaintiff was entitled to only one such quarter of coverage for

$50.00 in wages reported by an employer in the first quarter of 1960.

The issue in this case, put simply, is whether plaintiff was self-employed in the catering business or an employee domestic cook during 1960, 1961 and 1962.

The record in this case discloses the following on the issue here involved:

Plaintiff was born in Czechoslovakia on February 6, 1898, and came to the United States at the age of 14 or 15. Except for the periods from 1919 to 1925 and from 1948 to 1952 when she was living with her husband, plaintiff was employed as a domestic in various homes.

During the years 1960 to 1962, plaintiff worked as a cook for parties in private homes or preparing buffets for religious organizations. Usually from about 20 to 50 guests were involved. She rarely worked for the same family or organization more than once during a three-month period, nor did she earn $50.00 or more from a single such family or organization during such period.

Plaintiff did not maintain a regular place of business, and she was neither listed in the telephone directory as a caterer, nor did she have business cards. She received telephone calls at her home from persons requesting her services, who were regular customers or recommended by such customers. She then discussed the menu with the hostess, and planned the requirements for food, eating utensils, dishes, tables and chairs, and additional domestic help.

Plaintiff did not generally furnish the food, except for some baking she did at her own home. She recommended places to rent eating utensils, dishes, tables and chairs, but brought her own special pots and pans. She prepared and served the meal at the premises, and received $2.00 an hour for her services, or sometimes a flat fee of $25.00. She also

---

* Section 209(g) (2) of the Act, 42 U.S.C.A. § 409(g) (2), expressly excludes from wages of an employee:

"Cash remuneration paid by an employer in any calendar quarter to an employee for domestic service in a private home of the employer, if the cash remuneration paid in such quarter by the employer to the employee for such service is less than $50."

might supply additional domestic help at $1.75 an hour.

On the day plaintiff filed her application for benefits, she signed a statement, as follows:

"I have been reporting myself as self-employed for five years. I do catering at parties in private homes and also just make meals for families. I am under the supervision and control of the person whose home I work at. They bring the food, they tell me how they want it prepared, and they supervise everything I do.

"I have no list of the people I have worked for. I file my tax return on an estimated figure. I have no record of how much I have earned. I work for many people and just could never get any list because there are too many people to remember. I work only when people call me."

At the hearing before the Examiner, plaintiff, who was then and is now represented by counsel, claimed that she was confused at the time the statement was read to her and she signed it, and that it was not her statement. Plaintiff testified that she determined when she would arrive at work, she prepared the entire meal and supervised its serving, and she decided when to leave. She insisted that she was a self-employed caterer, and not a domestic employee cook.

The Examiner found that plaintiff's statement was consistent with the other evidence. He pointed out that she refused to furnish the names, remuneration, and dates of her alleged catering contracts. He held that the "conclusion is inescapable" that plaintiff "hired herself out as a cook for $2.00 per hour"; and that her allegations of self-employment have "no basis in fact", and "were made merely for the purpose of securing entitlement to old-age insurance benefits."

■ This Court has a limited role in reviewing the decision of the Secretary herein. In Palmer v. Celebrezze, 334 F.2d 306, 307–308 (3 Cir. 1964), the Court of Appeals for the Third Circuit set forth the tests to be applied on review, as follows:

"Section 405(g) [of the Act, 42 U.S.C.A. § 405(g)] provides that, 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive' * *. This court has no authority or jurisdiction to do anything but follow the plain mandate of the statute, and our sole function in this case is to determine whether the record discloses substantial evidence to support the Secretary's finding of the true nature of the relationship. Whether we agree with the correctness of the Secretary's finding has been made immaterial by the Statute. A court may not displace an administrative body's 'choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.' Universal Camera Corp. v. [National] Labor [Relations] Board, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456."

■ Under the Act, the common law rules govern as to whether an individual is an employee or self-employed, 42 U.S.C.A. § 410(j) (2). Section 404.1004 (c) (2) of the Regulations, adopted under the Act, defines the legal relationship of employer and employee as existing

" * * * when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he

has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee under the usual common-law rules. Individuals such as physicians, lawyers, dentists, veterinarians, construction contractors, public stenographers, and auctioneers, engaged in the pursuit of an independent trade, business, or profession, in which they offer their services to the public, are independent contractors and not employees." 20 CFR 404.1004(c) (2).

The Regulations thus seem to adopt "a test in which the totality of the situation, in contradistinction to the single factor of control of the alleged employee by the alleged employer, is governing." Flemming v. Huycke, 284 F.2d 546, 547 (9 Cir. 1960); Goldberg v. Warren Brothers Roads Co., 207 F.Supp. 99, 101–102 (D.Me.1962); cf. Cody v. Ribicoff, 289 F.2d 394, 397 (8 Cir. 1961).

██ Under all of the circumstances of the case, this Court is of the opinion that the Secretary's findings that plaintiff was an employee, rather than self-employed in a trade or business, during the years in question, is supported by substantial evidence. Plaintiff reported self-employment earnings for these years, but refused to substantiate this income by disclosing the names and dates of her customers. The Hearing Examiner carefully considered the record before him, including the documentary evidence, plaintiff's testimony, and the argument of her counsel. He certainly was justified in concluding under these facts that plaintiff had not produced sufficient evidence of self-employment. He was not required to accept her contradictory explanations as to the nature of the services she performed.

For these reasons, summary judgment will be granted to defendant, and the decision of the Secretary will be affirmed. Counsel for defendant will please submit an appropriate order on notice to counsel for plaintiff.