**William J. LAMAR, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 15116.**

United States Court of Appeals Seventh Circuit.

Dec. 22, 1965.

Malcolm G. Montgomery, Jr., Evansville, Ind., for appellant.

Richard P. Stein, U. S. Atty., Edward F. Kelly, Asst. U. S. Atty., David W. Mernitz, Asst. U. S. Atty. S. D. Indiana, Indianapolis, Ind., for defendant-appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

The plaintiff-appellant, William J. Lamar, has taken this appeal from judgment entered in favor of the defendant-appellee, Anthony J. Celebrezze, Secretary of Health, Education and Welfare, in an action brought in the U. S. District Court to review a decision of the defendant-appellee.

Plaintiff applied for disability insurance benefits and sought to establish a period of disability. His application was denied. That denial was affirmed by the District Court. Plaintiff contends that he sustained the burden of proving his "inability to engage in any substantial gainful activity by reason of a composite of (1) physical impairments and (2) mental impairments."

He contends further that the Secretary failed to show what type of employment opportunities are available to plaintiff, and that the District Court erred in refusing to remand this cause to the Secretary for further evidence.

The evidence adduced shows that plaintiff who is now 56 years old attended high school and ministerial school, upon graduation from which he worked as an ordained, full-time minister for about 8 years. After losing that post, he was em-

ployed in various types of outdoor maintenance, repair and general labor jobs. He worked for a period of about 5 years in furniture assembling. He was employed for more than a year with a County Highway Department handling heavy equipment and driving a dump truck. He was injured on August 24, 1961, in the upset of a truck. Plaintiff sought to establish his period of disability from that date.

It is not disputed that plaintiff does have some mental problems although there is evidence which would support contrary conclusions as to the disabling effect of his mental difficulties. There is likewise a conflict in the medical evidence respecting his physical capacities.

The record shows that after recovery from the accident in August, 1961, plaintiff continued ambulatory, traveled without assistance on public transportation or by driving his own automobile, did his own housework and cooking, worked in his garden, and operated a bicycle shop selling and repairing bicycles, guns, toys, scooters and small wagons. Evidently he made no effort to secure employment.

The record shows that plaintiff is fluent in English, that he reads and writes, chats daily with callers in his shop, and attends church.

Plaintiff told the hearing examiner that he could move his head and neck in all directions and could move his arms and shoulders normally; that he could carry 25 to 30 pounds across a room, could stand for an hour or so, and sit for about 30 minutes at a time before having to straighten his legs; could climb two flights of stairs, slowly, and could walk about two blocks.

Plaintiff also said that he could be a night watchman or a filling station attendant at night when activity and job demands were slower, or that he could do some janitorial work. He specifically said he could not do jobs requiring him to keep alert and on his feet 8 hours a day.

The hearing examiner had an excellent opportunity to observe the plaintiff during the prolonged hearing on December 11, 1963. He spoke to plaintiff at length, saw him move about the room, and was able to gauge his comprehension, mobility, strength, sight, hearing and degree of nervousness.

■ We have studied the reports of the various physicians who examined and treated the plaintiff over the past twelve or so years for such complaints as depression, nervous instability, back and leg pain, spinal injury after a fall and after the truck accident mentioned above, arthritis, headache, and dizziness. However, we may not weigh the evidence *de novo*. We must affirm the Secretary's findings if they are supported by substantial evidence as they are here. Moon v. Celebrezze, 7 Cir., 1965, 340 F.2d 926, 930, and cases there cited.

None of the physicians found that the accident in August, 1961, had disabling consequences. None of the physicians referred to any significant auditory impairment. Plaintiff sought remand in part to allow for examination by an ear specialist. No good cause for such remand on that basis was evident.

With respect to mental impairment, two of the psychiatrists said that plaintiff exaggerated his complaints and tried to present a picture of emotional illness. The hearing examiner reasonably concluded from the evidence that the plaintiff's mental and physical condition did not prevent him from applying himself to various tasks.

■■ The Secretary may rely on such governmental studies as the Dictionary of Occupational Titles and Worker Trait Requirements for 4000 Jobs. Plaintiff does not suggest that it was improper for him to do so. Plaintiff does contend that the Secretary has not shown that the 12 such occupations which the Secretary found to be available to one of plaintiff's capacities are available in the specific geographical area in which the plaintiff resides. Plaintiff seeks remand in part

to allow submission of evidence on that point. However, the Secretary is not required to find that these jobs for which plaintiff is qualified are available in his specific geographical area. Dvorak v. Celebrezze, 10 Cir., 1965, 345 F.2d 894, 897.

██ There was no showing of good cause to remand the case for the taking of additional evidence before the Secretary. The District Judge did not abuse his discretion in denying the plaintiff's motion to remand. Title 42 U.S.C.A. § 405(g).

The decision of the District Court is affirmed.

Affirmed.