**Marjorie YOUNG, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. C 67–763.**

United States District Court
N. D. Ohio, E. D.
Dec. 23, 1968.

Harold C. Meier, Columbus, Ohio, for plaintiff.

Bernard Stuplinski, U. S. Atty., through Harry E. Pickering, Asst. U. S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge:

This is an action under Section 205(g) of the Social Security Act (42 U.S.C.A. § 405[g]), for review of the final decision of the defendant (hereinafter referred to as the Secretary) denying disability benefits to the plaintiff. On January 21, 1965, the plaintiff filed application for disability insurance benefits and to establish a period of disability with the Social Security Administration. This application was disallowed on March 18, 1965. Subsequently, a hearing was had on July 15, 1966, before Walter Fry, a Hearing Examiner, who determined in a decision dated April 28, 1967, that plaintiff was not entitled to have a period of disability established nor to have the disability insurance benefits for which she applied. The Appeals Council affirmed the Hearing Examiner's decision denying relief to the plaintiff on August 31, 1967.

On October 20, 1967, the plaintiff filed an action in this Court to review the final decision of the Secretary. Both parties have now filed motions for summary judgment. In addition, the plaintiff has requested, in the event her motion for summary judgment is denied, that this case be remanded to the Secretary for further proceedings. The Secretary has opposed this request.

The function of the District Court in review of Social Security cases is to search the entire record to determine if the decision of the Secretary is supported by substantial evidence. Mitchell v. Gardner, 123 U.S.App.D.C. 195, 358 F.2d 826 (1966) and Miracle v. Celebrezze, 351 F.2d 361 (6th Cir.1965). If so, the Court must render judgment for the Secretary even if the Court would have reached a different position had it heard the case *de novo*. Walters v. Gardner, 397 F.2d 89 (6th Cir.1968); King v. Celebrezze, 341 F.2d 108 (6th Cir.1965). It is the function of the Secretary, not the Court, to resolve conflicts in the evidence and to pass on the credi-

bility of witnesses. Ferenz v. Folsom, 237 F.2d 46 (3 Cir.1956). Miracle v. Celebrezze, supra; Kelley v. Celebrezze, D.C., 243 F.Supp. 18 (1965). The Court notes that the burden of proof in Social Security proceedings is on the claimant. Henry v. Gardner, 381 F.2d 191 (6th Cir.1967); Nelson v. Gardner, 386 F.2d 92 (6th Cir.1967).

■ The substantive sections of the Social Security Act which control in this case are 42 U.S.C.A. § 416(i) (3) and 42 U.S.C.A. § 423(c) (1). The essence of these two sections is that a claimant is entitled to disability benefits only if it is established he or she has *not less than 20 quarters* of coverage during the 40 quarter period which ends with the quarter within which the claimant has allegedly become disabled. In this case, because plaintiff claimed she became disabled on July 1, 1962, in her application for Social Security benefits, the relevant period is between October 1, 1952, and September 30, 1962.

The Secretary's records are evidence in proceedings before the Secretary, and before this Court, of wages paid and quarters of coverage by virtue of 42 U.S.C.A. § 405(c) (3). These records reveal that claimant has only 19 quarters of coverage between October 1, 1952, and September 30, 1962. This evidence is corroborated by evidence from the Massillon Women's Club, the claimant's last employer, that claimant was paid wages for the first two quarters of 1962, which constituted the 18th and 19th quarters for purposes of the 20-quarter requirement, but none thereafter. The claimant herself has virtually admitted that she was not paid beyond the second quarter of 1962 (transcript, pp. 12–13). The principal thrust of the plaintiff's case nevertheless is that the plaintiff is entitled to quarters of coverage for the 3rd and 4th quarters of 1962.

The plaintiff's theory appears to be that she had a yearly contract of employment with the Massillon Women's Club and was prevented from fulfilling that contract when the Massillon Women's Club terminated the plaintiff's employment and allegedly broke the yearly employment contract. It is the position of the plaintiff that since the Massillon Women's Club broke the employment contract illegally before the end of the year, and since the plaintiff was willing and able to fulfill her part of the contract, the Secretary must find that the claimant is entitled to coverage for the 3rd and 4th quarters of 1962.

There are numerous problems connected with the plaintiff's theory. In the first place, plaintiff stated in her application for disability benefits that she became disabled on July 1, 1962; however, this assertion would negative the plaintiff's present claim that she was willing and able to fulfill her alleged employment contract for the 3rd and 4th quarters of 1962. There is also evidence that the plaintiff was disabled as early as January 9, 1962, when she filed a claim with the Industrial Commission. In addition, there are numerous other conflicts in the evidence as to whether the contract was in fact a yearly contract; whether the plaintiff in fact did work after July 1, 1962, for the Massillon Women's Club; and whether her employment was terminated on June 30, 1962, as the Women's Club asserts, or as the plaintiff argues, on August 6, 1962.

The hearing examiner found that the claimant became disabled sometime between January 9, 1962, and July 1, 1962, but was retained on the payroll until June 30, 1962, at which time her employment was terminated by the Women's Club. The hearing examiner concluded that the plaintiff has no lawful right to wages after June 30, 1962, and that the Massillon Women's Club was entitled to discharge her after this date since the plaintiff was incapable of performing her employment contract. The Court finds upon careful examination of the whole record that there is substantial evidence to support the hearing examiner's findings. In addition, the Court rests its determination of this

case upon a separate ground not explicitly dealt with by the hearing examiner.

■ The term "quarter of coverage" within the meaning of the Act is defined in 42 U.S.C.A. § 413 as meaning a quarter in which the individual has been paid $50.00 or more in wages. It is conceded and unequivocably clear from the evidence that the claimant was not in fact paid for the third or fourth quarters of 1962. This fact standing alone would appear to end the matter were it not for the doctrine of "constructive payment" as set forth in the Secretary's Regulations in 20 C.F.R., § 404.1026:

"* * *

(2) Wages are constructively paid when they are credited to the account of or set apart for an employee so that they may be drawn upon by him at any time although not then actually reduced to possession. To constitute payment in such a case (i) the wages must be credited to or set apart for the employee without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that they may be drawn upon at any time, and their payment brought within his own control and disposition, or (ii) there is an intention by the employer to pay or to set apart or credit, and ability to pay wages when due, and failure of the employer to credit or set apart the wages is due to clerical error or inadvertence in the mechanics of payment, and because of such clerical error or inadvertence the wages are not actually available at that time."

The record before the Secretary and before this Court is devoid of any evidence that wages were set apart for plaintiff without substantial limitation or condition, or that there was any intention by the Massillon Women's Club to do so. The result in this case may have been different if the plaintiff had brought suit against the Massillon Women's Club and by way of settlement or judgment received monies representing wages for the 3rd and 4th quarters of 1962. Purdy v. Ribicoff, D.C., 198 F. Supp. 812 (1961). The evidence, however, in this case is clear that the claimant never demanded her wages in the 3rd or 4th quarters, has not instituted a lawsuit to recover such wages, and has no intention to do so. The Court finds that claimant's case has not established proof of constructive payment.

■ Pursuant to 42 U.S.C.A. § 405(g) and Rule 56 of the Federal Rules of Civil Procedure, and upon a thorough examination of the pleadings, the briefs, and the record of this case, the Court orders summary judgment rendered for the defendant and orders the plaintiff's motion for summary judgment overruled.

■ With respect to the plaintiff's motion for remand in the event that her motion for summary judgment was overruled, the Court orders that this motion for remand be denied. Counsel for the plaintiff sets forth two grounds in support of the motion for remand. The counsel claims that plaintiff was not represented by counsel until it was necessary to bring this case before a Court. Plaintiff's second ground is that there are numerous conflicts in the evidence. The Court, in passing on the plaintiff's motion for remand, is governed by Title 42, U.S.C.A. § 405(g), which states in essence that the Court on a showing of good cause may exercise its discretion to remand the case to the Secretary for the taking of additional evidence. Lamar v. Celebrezze, 354 F.2d 645 (7th Cir.1965).

■ In examining the records before the Secretary, and in particular the hearing before the Hearing Examiner held on July 15, 1966, the Court takes judicial notice of the fact that the plaintiff was represented by an attorney named William S. Georges. Accordingly, the Court overrules the plaintiff's claim for lack of attorney. With respect to the plaintiff's second ground in support of a motion for remand, the Court also finds that it is deficient. Counsel

for the plaintiff has not represented to the Court that it intends to submit additional evidence but, rather, he seeks to have the Court remand this matter on the sole ground that conflicts in the evidence exist.

The Court finds that the statutory scheme of the Social Security Act leaves the resolution of conflicts of evidence to the Secretary. Miracle v. Celebrezze, supra; Ferenz v. Folsom, supra. The Court finds that the plaintiff has not established good cause for remand and hereby orders this motion overruled.