Charles R. WEBB, Plaintiff-Appellant,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 20180.

United States Court of Appeals, Sixth Circuit.

Sept. 9, 1970.

McCree, Circuit Judge, dissented.

Frank E. Steel, Jr., Akron, Ohio (Hershey, Browne, Wilson, Steel, Cook & Wolfe, Akron, Ohio, on the brief), for appellant.

Robert M. Feinson, Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., Robert B. Krupansky, U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

The action was filed in the District Court to review a final decision of the Secretary denying appellant's application for a period of disability and disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423. The hearing examiner found that appellant was not under a disability during the period of his insured status.

District Judge Frank J. Battisti reviewed the evidence and granted a summary judgment. We agree with the conclusions stated in the well reasoned and comprehensive order of the District Judge that there is substantial evidence in the record upon which the hearing examiner could conclude that appellant was not disabled and was not entitled to disability benefits.

At the argument before this Court the attorney for appellant contended that appellant was deprived of adequate representation at the presentation before the hearing examiner. At that time appellant, who has a limited education, was not represented by an attorney and presented his case on his own behalf with the assistance of a friend who was not an attorney. The attorney stated that there is additional evidence of the disability of appellant which was not presented to or considered by the hearing examiner.

In view of the representations made to the Court by appellant's counsel that there is additional available evidence which might produce a different result, and in view of the fact that at the hearing before the Social Security Hearing Examiner appellant sought, with obvious ineffectiveness, to represent himself without the aid of counsel and hampered by lack of education, we reverse and remand the case to the District Court with instructions that the case be remanded to the Secretary for the purpose of having additional testimony taken pursuant to 42 U.S.C. § 405(g).

Reversed and remanded.

McCREE, Circuit Judge (dissenting).

I respectfully dissent. I agree with the determination that there is substantial evidence in the record to support the well-reasoned and comprehensive opinion of the District Judge, and I would affirm his judgment.

There was no request made of the District Judge to remand the case to the Secretary for the taking of additional testimony concerning claimant's disability. The first intimation of the existence of such testimony was a short sentence in appellant's brief on appeal and in argument before this court. Appellee was not afforded an opportunity to examine the content of the proposed additional testimony, although he was able to make a brief argument against its reception. The record reveals that the Hearing Examiner advised claimant of his right to be represented by counsel and, before proceeding determined that the lay person who accompanied him had experience in assisting claimants before the Department in social security cases (unlike the lawyer in Arms v. Gardner, 353 F.2d 197 (6th Cir. 1965)). Lack of counsel at a hearing is not sufficient grounds for remand in the absence of a showing of clear prejudice or unfairness. Cross v. Finch, 427 F.2d 406 (5th Cir. June 10, 1970); Domozik v. Cohen, 413 F.2d 5, 9 (3d Cir. 1969); Steimer v. Gardner, 395 F.2d 197 (9th Cir. 1968). It would be an unusual case which could not be buttressed by additional testimony, the absence of which is indicated by an adverse decision. However, the fact that a more effective presentation could be made in a second effort is not the "good cause" required by § 405(g) as a predicate for remand. *See* Lamar v. Celebrezze, 354 F.2d 645 (7th Cir. 1965). *Cf.* 20 C.F.R. § 404.958.

I dissent also because I believe our function is to review the decision of the District Court and not to decide issues in the first instance. Accordingly, I believe that if we decide to remand in a case like this, we should remand to the District Court with instructions to entertain a motion for remand to the Secretary to consider additional testimony. In this fashion we would still be able to review the District Judge's discretionary determination of such a motion. Only when it is clear that a refusal by the District Court to remand for further testimony would be an abuse of discretion should we peremptorily order a remand to the Secretary. I do not believe that this is such a case.