**Eusebio Valentin MARTINEZ,**
**Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
**Defendant.**

**Civ. No. 74-564.**

United States District Court,
D. Puerto Rico.

April 18, 1975.

Víctor M. Ramírez, Hato Rey, P. R., for plaintiff.

Ignacio Rivera Cordero, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM OPINION AND ORDER

PESQUERA, District Judge.

Claimant, Eusebio Valentín Martínez, seeks judicial review pursuant to 42 U. S.C.A. § 405(g) of the final decision reached by the Secretary of Health, Education and Welfare disallowing his claim for retirement insurance benefits under the Social Security Act, as amended (42 U.S.C.A. § 401 et seq.). Claimant asserted his entitlement by reason of self-employment income from his trade in construction and carpentry during 1969, 1970 and 1971. A previous request for disability was denied because claimant did not have sufficient quarters of coverage.

The Administrative Law Judge in his decision of December 7, 1973, specifically found that the evidence in the case did not establish that claimant derived a self-employment income of at least $400.00 during the years 1969 through

1972, for which reason claimant could not be credited with any quarters of coverage from self-employment income in those years. These findings were adopted by the Appeals Council and thereupon became the decision of the Secretary.

Claimant argues that the Secretary of Health, Education and Welfare erred in his decision since there was sufficient evidence presented to establish that he had met the earning requirements. Claimant's main argument is that any weakness in the evidence presented is due to his failure to maintain records because of his illiteracy, and that he ought not to be penalized for such weakness. More so, when he relied on Social Security's employees to fill out and file his self-employment tax returns during the years in question.

 At the outset we must state that the burden falls on claimant to prove the amount of income or net earnings upon which he bases his entitlement to benefits. Claimant must produce evidence of probative, not speculative, value to prove such earnings. Hernández v. Secretary of HEW, 307 F.Supp. 338 (DCPR 1969).

To arrive at his decision, the Administrative Law Judge weighed all the evidence presented to him, examined the witnesses and studied the record. He concluded that

"The record is replete with inconsistency in the statements and between the documents and the testimony, and the Administrative Law Judge finds that it affects the claimant's credibility. The temptation is drawn to reject all of the evidence on the grounds that so much of it is tinted. However, to make a practical effort to establish a proper income level from the evidence, the Administrative Law Judge finds that the evidence supports a conclusion that the figures submitted are fabricated on some facts and mostly fantasy on the part of the claimant. That the claimant for a number of years has been suffering from various physical impairments, and during 1971 had a very serious heart condition which was diagnosed as angina pectoris vs cardiac neuron with dilatation of the aorta and coronary insufficiency, is indicative of the claimant's physical inability to have returned to work in arduous manual labor as he contends (Exhibit 14). The claimant was given ample opportunity to submit other tangible evidence with regard to his purported self-employment income, but on June 27, 1973, he informed the Administrative Law Judge that the information was unavailable (Exhibit 15). There is no tangible evidence in the record indicating that the claimant was indeed the recipient of the requisite earnings to qualify for Social Security benefits nor that his efforts procured any such sums, but rather in fact, that any sums that were earned as a result of his carpentry endeavors were earned several years ago and not during the period under consideration."

 On judicial review, this Court does not weigh the evidence *de novo* and must confirm if the decision of the Secretary is based upon substantial evidence; Lamar v. Celebrezze, 354 F.2d 645 (7th Cir. 1965), as it is the duty of the trier of facts to resolve the conflict in the evidence. The Administrative Law Judge passed upon the credibility of the witnesses, and upon studying the record before us and counsel's memoranda, we must conclude that his findings to the effect that claimant did not present evidence of substance to corroborate the earnings he allegedly acquired as reflected in his self-employment tax returns filed for the years of 1969, 1970 and 1971, should be confirmed in the absence of a showing that he acted with prejudice or bias against claimant. In addition we find that his decision is supported by substantive evidence.

For the above stated reasons, the Secretary's decision is affirmed.