Matilda **PINKOWSKI**, Plaintiff,

v.

Joseph **CALIFANO**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 78–C–4.

United States District Court, E. D. Wisconsin.

May 24, 1979.

Martin N. Sussman, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for judicial review pursuant to 42 U.S.C. § 405(g) of a final decision of defendant Secretary of the Department of Health, Education, and Welfare denying the plaintiff's application for the establishment of a period of disability under § 216(i) of the Social Security Act and for disability insurance benefits, as provided by § 223 of the Act, 42 U.S.C. § 416(i); 42 U.S.C. § 423. Defendant has filed a motion for summary judgment, which requests that the decision of the Secretary be affirmed. The motion is denied and the cause is remanded to the Department of Health, Education, and Welfare for rehearing.

Plaintiff Matilda Pinkowski claims to have been disabled from April 1963. She has met the special earning requirements of the Act only through December 31, 1970. Therefore, the disability must be established as beginning on or before that date.

The current application for benefits was filed on May 20, 1975.* The application was denied, and an administrative hearing was held April 7, 1977. The decision of the administrative law judge, filed April 20, 1977, denied the application. That decision became the final decision of the Secretary when it was affirmed by the Appeals Council on June 14, 1977. Plaintiff filed the instant action for judicial review of that decision.

■ The function of the reviewing court is to determine whether there was substantial evidence in the record to support the findings of the Secretary. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405(g). Even though a Court may have reached a different conclusion on the same evidence, it is not free to substitute its findings for the findings of the Secretary. *Palmer v. Celebrezze,* 334 F.2d 306 (3rd Cir. 1964).

The administrative law judge determined that plaintiff was not eligible for benefits because she was not disabled at the time she last met the earnings requirements for disability in December 1970. He found the evidence indicated that at that time she suffered from osteoarthritis, but that this impairment did not prevent her from returning to her usual work. (Transcript, p. 14.)

Mrs. Pinkowski's usual work was as a manufacturer of imitation marble statues. She and her husband owned and operated their own factory, the Star Plastic Company, doing the manual work themselves. The manufacturing process apparently involved preparation of a chemical formula,

---

* In his brief in support of the motion for summary judgment, defendant states that the files of the Social Security Administration reveal that plaintiff has filed four previous disability applications.

pouring the formula into prepared rubber molds, and then sanding the finished statue. This business was sold in 1967 or 1968. She worked as a babysitter for a short time thereafter.

The medical evidence presented by Mrs. Pinkowski and her witness Walter Lugowski at the hearing covered the following ailments: In 1943 she suffered a broken tail bone; in 1961 she had a foot operation during which her lung collapsed; in 1963 she injured her shoulder and knee in a fall, and also her lungs "bothered" her; in 1967–1968 the dust from sanding the statues bothered her lungs; in 1971 a tumor was removed from her shoulder; in February 1973 the right side of her jaw was removed; in April 1973 a bone was removed from her nose; in October 1973 she was hospitalized with stomach trouble; in January 1974 she had a hernia; in July 1974 she had an apparent heart attack; in August 1974 she suffered an ailment which was originally considered a gall bladder attack; in 1975 she had another foot operation and a possible heart attack; in 1976 she had yet another foot operation; and in October 1976 she had an irrigation of the bladder.

It might arguably be said that on the basis of this evidence, the administrative law judge could determine that Mrs. Pinkowski did not establish that she was disabled in 1970. Most of the evidence concerns events after 1970 and, as it was presented at the hearing, was irrelevant to the issues. However, it is precisely this apparently irrelevant evidence—and the corresponding lack of focus on evidence which would be relevant—which is troublesome to me. It seems clear that Mrs. Pinkowski was unable to effectively present her case to the administrative law judge.

At the hearing Mrs. Pinkowski was not represented by an attorney. The transcript of the hearing does not contain any statements of the judge to the effect that she had the right to be represented. Neither does the record show that she could adequately represent herself. She attended school only through fifth grade. Her lack of understanding of the entire procedure in

obtaining benefits was evident to one case worker who stated on a "Report of Contact": "She just didn't understand whole process." (Transcript, p. 61.) She drove from West Allis to Oshkosh for her hearing because she did not know that she could have the hearing transferred to Milwaukee.

In her action for court review, Mrs. Pinkowski is represented by an attorney, and she now offers additional evidence of her ailments prior to 1970. Exhibit B attached to her affidavit is a hospital record from 1956 which states that she had severe attacks of bronchial pneumonia, occasional chest pain, and shortness of breath. Exhibit C are x-rays taken in 1973 showing a disability at the base of her lung. In addition, counsel calls attention to statements in exhibits admitted at the hearing but apparently ignored by the administrative law judge. Under these circumstances, I find that Mrs. Pinkowski was unable to have a fair hearing without the aid of an attorney.

I recognize that many cases hold that a lack of counsel at the administrative proceedings is not a reason to set aside the findings of the administrative law judge or to remand the action for a rehearing. See *Mills v. Richardson*, 339 F.Supp. 402 (E.D. Pa.1972); *Christopher v. Finch*, 317 F.Supp. 1101 (E.D.Pa.1970); *Meola v. Ribicoff*, 207 F.Supp. 658 (S.D.N.Y.1962). However, many other cases have viewed the lack of counsel under certain circumstances as a sufficient reason for remand.

For instance, in *Webb v. Finch*, 431 F.2d 1179 (1970), the Sixth Circuit Court of Appeals remanded a case for rehearing on the basis that the claimant was not represented by an attorney at the hearing and that the attorney who represented the claimant in the district court asserted that additional evidence existed which would help establish the disability.

In *Arms v. Gardner*, 353 F.2d 197, 199 (6th Cir. 1965), the Court found that even though substantial evidence appeared in the record to support the Secretary's findings and even though the claimant was represented by an attorney at the administrative hearing, the case must be remanded because the representation was ineffective:

"We have carefully reviewed the evidence before the Examiner and find that there is substantial evidence in the record before us to support the findings of the Secretary adverse to appellee's claim of 'disability'. The Court erred therefore in holding that there was no substantial evidence in support of the Secretary's findings.

"A careful review of the record however discloses that the claimant did not have the proper representation to which he was entitled at the hearing before the Examiner. As stated above, his attorney failed and was admittedly unable to give him the legal assistance he should have had to present his evidence and to cross-examine the witnesses produced at the hearing to contradict his claims. Under these circumstances claimant cannot be held to have had the full hearing that he was entitled to."

A final example is a case remarkably like the case before me. The plaintiff had to establish that the disability existed on or before the date of expiration of insured status under the Act. The record at the administrative hearing was described as leaving much to be desired, and claimant was not represented by an attorney. The Court concluded that the case must be remanded for rehearing:

"A complete and detailed history of complaints together with all medical attention and treatment is essential in a case of this kind to determine the precise nature of any initial disability and the continuity thereof over a period of time. The record discloses that the Hearing Examiner tried patiently and persistently to guide plaintiff in the production of all relevant evidence. She had a fair hearing with full opportunity to present any evidence that she felt had any significance in evaluating disability. But without the guiding hand of counsel she labored under a handicap. In a case of this kind where a layman proceeds *pro se*, a greater burden is cast upon the administrative agency as well as the Court to assure that the handicap of presenting evidence without assistance of counsel does not obscure pertinent relevant facts which, if produced, might affect the end result. Inability to employ counsel must not be permitted to defeat the just disposition of any case. * * *" *Erwin v. Secretary of Health, Education and Welfare*, 312 F.Supp. 179, 185 (D.N.J.1970).

In the instant case claimant was not represented by counsel and was not orally advised at the hearing that she had a right to counsel. Her case was a difficult one to present because several years had passed since she had met the special earnings requirements of the Act; thus medical evidence had to be shown to be relevant to that time. She had a fifth grade education and showed difficulty comprehending what was expected of her. I find that under circumstances such as these, in order for the claimant to be guaranteed a fair opportunity to establish a disability, the case must be remanded to the Secretary for rehearing.

IT IS THEREFORE ORDERED that this action is remanded to the Secretary of Health, Education, and Welfare for rehearing.