Eldridge BERRY, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 77–C–298.

United States District Court, E. D. Wisconsin.

June 13, 1979.

Michael F. Hupy, Milwaukee, Wis. and Allan F. Glasschroeder, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U.S. Atty. by James M. Fergal, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## ORDER

REYNOLDS, District Judge.

This is an action for judicial review of a final decision of the defendant Secretary of Health, Education and Welfare simultaneously denying plaintiff's application for disability insurance benefits pursuant to Title II, §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. § 416(i), 42 U.S.C. § 423, and for Supplemental Security Income ("SSI") pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq.

The disability provisions of the Act allow for the payment of disability insurance benefits to those claimants who establish the inability to engage in any substantial gainful activity. The SSI provisions of the Act establish a federal program for the aged, blind, and disabled.

Plaintiff filed an application for disability insurance benefits on June 12, 1975, which application was denied. On August 8, 1975, plaintiff requested reconsideration of the denial. Prior to a decision on the reconsideration, plaintiff filed an application for SSI on November 20, 1975. Both applications were denied on reconsideration by the Bureau of Disability Insurance upon evaluation of the evidence by a physician and a disability examiner from the Wisconsin Department of Health and Social Services. An Administrative Law Judge considered the case de novo and on August 9, 1976, found that plaintiff who appeared pro se was not under a disability. The decision of the Administrative Law Judge became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council approved it on March 25, 1977. Next plaintiff obtained the services of an attorney and filed this action for judicial review of the decision of the Secretary. Defendant Secretary has filed a motion for summary judgment affirming his denial of benefits. For the reasons stated below, that motion will be denied and the case will be remanded to the Secretary for rehearing.

■ The law provides that to qualify for disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, an individual must meet the insured status requirements of these sections, be under age 65, file an application for disability insurance benefits, and be under a disability as defined in 42 U.S.C. § 423(d)(1)(A), which provides:

"(d)(1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *."

In order to qualify for SSI benefits on the basis of disability under 42 U.S.C. § 1381a, a person must file an application for benefits based on disability and must be an "eligible individual" as defined in that Act. An "eligible individual" must be disabled as defined in 42 U.S.C. § 1382c(a), essentially the same definition as quoted above. Plaintiff has the burden to establish his entitlement to disability insurance benefits under the Social Security Act. *Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971).

■ Ordinarily, the issue on judicial review, then, is whether there is a sufficient basis in the administrative record for the Administrative Law Judge to decide that plaintiff did not meet his burden in establishing a disability.

The facts show that plaintiff has a sixth grade education and last worked as a janitor. He alleges that he became unable to work on May 25, 1975, because of a fractured skull, arm trouble, and farsightedness. Benefits were denied on the grounds that the evidence established that plaintiff's impairments were not severe enough for any period of twelve continuous months to prevent his performing light and sedentary work.

While some evidence exists in the record to support the Secretary's decision, this Court is nevertheless troubled by the fact that plaintiff was unrepresented by an attorney at the hearing. In the brief in opposition to the motion for summary judgment, plaintiff, who is now represented by counsel, asserts that several medical facts were ignored or downplayed at the hearing, including an elbow operation and subjective pain. Because it is highly questionable whether the claimant was able to adequately present his case pro se to the Administrative Law Judge, the case will be remanded to the defendant Secretary for rehearing for the reasons set forth herein and in this Court's decision in *Pinkowski v. Secretary of Health, Education and Welfare,* 472 F.Supp. 318 (E.D.Wis., May 24, 1979), a copy of which is attached hereto.

IT IS THEREFORE ORDERED that this case is remanded to the Secretary of Health, Education and Welfare for rehearing.