Henry SKENANDORE, Plaintiff,

v.

Joseph CALIFANO, Secretary, Dept. of Health, Education & Welfare, Defendant.

Civ. A. No. 77-C-697.

United States District Court, E. D. Wisconsin.

Aug. 15, 1979.

Peter E. McKeever, Legal Services of Northeastern Wisconsin, Inc., Green Bay, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

In this action under the Social Security Act, plaintiff Henry Skenandore seeks judicial review of the final decision of the defendant Secretary of the Department of Health, Education and Welfare terminating his entitlement to disability insurance benefits and supplemental social security income benefits under §§ 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423. 42 U.S.C. § 405(g) confers jurisdiction on this court.

Defendant has filed a motion for summary judgment, and plaintiff has filed a motion to remand. For the following reasons the motion to remand is granted.

■ An individual may be disabled due to physical or other impairments, but if he can still perform substantial gainful work, he is not disabled within the meaning of the Act. Mr. Skenandore applied for disability benefits on April 28, 1976, claiming he was unable to work due to a loss of motion in both ankles which prevented his standing or walking for long periods of time which is called ankylosis. He also claimed that chronic bronchitis and a shoulder frozen at 45 degrees disabled him. No medical evidence, however, appears in the record to substantiate these disabilities. There is adequate medical evidence documenting his ankylosis.

His first application was initially approved on June 16, 1976, but this decision was reversed on January 31, 1977, because the Department found plaintiff could perform some types of sedentary work, such as cashiering or working as a security guard, despite his inability to stand or otherwise be on his feet for long periods of time. On reconsideration, the decision to deny benefits was upheld.

Mr. Skenandore then requested a hearing to review this denial, but he waived his right to appear and to present witnesses. No new evidence was admitted at the hearing. The administrative law judge reviewed all the evidence at the hearing on June 22, 1977, and affirmed the decision below. In doing so, he took administrative notice of the fact that sedentary work existed in the economy which plaintiff could do in spite of his severe ankylosis. The Appeals Council upheld that decision, and plaintiff now appeals the final administrative denial of disability benefits.

■ After considering carefully the entire administrative record and the affidavits submitted in this case, this Court finds that lack of counsel so prejudiced presentation of plaintiff's disability case that good cause for remand exists. Mr. Skenandore was not represented by counsel until he brought this appeal. He has only a seventh grade education, reads poorly, and has no experience in applying for disability benefits. The fact that plaintiff waived the right to a full hearing indicates he did not know how to best appeal the denial of benefits. In particular, the fact that Mr. Skenandore did not know he could present subjective evidence of his symptoms was crucial in his case. There was no evidence as to his alleged chronic bronchitis and frozen right shoulder in the record and how they affected his ability to work.

Plaintiff now states in his affidavit that his frozen shoulder substantially impairs the use of his right arm and that the bronchitis causes him to be short-winded. Presentation of subjective evidence of these disabilities could have affected the administrative law judge's decision that plaintiff could work at a sedentary job, such as cashiering. If in fact his arm goes numb without the support of an armrest, as he claims, he may not be able to operate a cash register or serve as a security guard.

■ Subjective evidence of a claimant's disabilities is to be considered at the hearing. See 20 C.F.R. § 404.1502 and *Garrett v. Richardson*, 363 F.Supp. 83, 92 (D.S.C.

1973). This law is of no use to an indigent and uninformed claimant, as Mr. Skenandore, without the help of counsel to effectively present the facts of his case according to the applicable law. See *Webb v. Finch*, 431 F.2d 1179 (6th Cir. 1970); *Erwin v. Secretary of Health, Education and Welfare*, 312 F.Supp. 179 (D.N.J.1970); *Pinkowski v. Califano*, 472 F.Supp. 318 (E.D.Wis. 1979).

Thus, these circumstances indicate that the lack of counsel seriously prejudiced plaintiff in his attempt to qualify for disability benefits. Consequently, the case will be remanded to the Secretary for rehearing so that Mr. Skenandore has a full and fair opportunity to present all evidence relevant to his disability claim.

For the above-stated reasons,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion to remand is granted, and that this action is remanded to the defendant Secretary of the Department of Health, Education and Welfare for further proceedings consistent with this decision.