**Robert A. HERLACHE, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 78–C–397.**

United States District Court, E. D. Wisconsin.

Oct. 30, 1979.

Jacob P. Blazkovec, Algoma, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for judicial review of a final decision of the defendant Secretary of the Department of Health, Education, and Welfare denying the plaintiff's application

for the establishment of a period of disability under § 216(i) of the Social Security Act and for disability insurance benefits, as provided by § 223 of the Act. 42 U.S.C. § 416(i); 42 U.S.C. § 423. The parties have filed cross motions for summary judgment along with supporting briefs. On the basis of the record before the Court, the case will be remanded to the Secretary for rehearing.

In order to be considered under a "disability" as defined in the Act, a person must be suffering from a medically determinable physical or mental impairment which can be expected to result in death or to last for not less than twelve months. The impairment must be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques," and it must be of such severity that the claimant cannot perform his previous work nor other work existing in the economy for which he is otherwise qualified.

The scope of this Court's review of the decision of the Secretary is set forth in 42 U.S.C. § 405(g):

" * * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Although evidence exists in the record to support the decision of the administrative law judge, this court finds that on the basis of the reasoning in *Pinkowski v. Califano*, 472 F.Supp. 318 (E.D.Wis.1979), the action must be remanded to the Secretary for rehearing. Plaintiff was not represented by counsel at his hearing, and the attorney representing him on appeal has submitted new evidence to the court and has made various claims regarding the sufficiency of the hearing.

Plaintiff is a man in his early 40's who possesses a ninth grade education. He suffers from essential hypertension, hypertensive cardiovascular disease, and atypical chest pain. He underwent a status post right iliac artery graph in 1974 and a status post aorta-femural bypass in 1977. He tires easily and testified that he is unable to carry more than 15 pounds, and that for very short distances. He is taking several types of medication.

In his brief in support of the motion for summary judgment, plaintiff, by his attorney, claims that the administrative law judge viewed each of his disabilities separately rather than his condition as a whole. Plaintiff submits that this is in error. *Smith v. Weinberger*, 394 F.Supp. 1002 (D.Md.1975).

Plaintiff also claims that the evidence of the vocational expert who testified that plaintiff could find suitable employment in the shoe industry is incredible as a matter of law. Plaintiff has submitted to the court a report from Mr. James R. Lemke from Job Service Wisconsin, which report states that employment opportunities in the shoe industry are decreasing and that major employers in Brown and Door Counties, counties near plaintiff's home in Algoma, are certified eligible under the Trade Readjustment Act which recognizes the business and individual hardship of declining sales due to imports. Also in this report it is stated that only 10% of the jobs in the shoe industry are sedentary, which is the type of work required for Mr. Herlache.

These claims reveal, at the least, that had plaintiff been represented by counsel at his administrative hearing, his case would have been presented more effectively.

IT IS THEREFORE ORDERED that this action is remanded to the Secretary for rehearing.