Karin E. STEIMER, Appellant,

v.

John W. GARDNER, Secretary of Health,
Education & Welfare, Appellee.

No. 21550.

United States Court of Appeals
Ninth Circuit.

May 14, 1968.

Doris Anderson (argued), Oakland, Cal., for appellant.

Sheldon Deutsch (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and THOMPSON, District Judge*.

DUNIWAY, Circuit Judge:

This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a decision of the Secretary of Health, Education and Welfare denying appellant Steimer's claim for a period of disability and for disability insurance benefits under sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i), 423. The claimant appeals from a judgment for the Secretary. She makes two claims, first, that the Secretary's decision is not supported by substantial evidence (section 205(g), 42 U.S.C. § 405 (g)), and second, that she should have been represented by counsel before the hearing examiner, but was misled by the Secretary into acting pro se.

* Honorable Bruce R. Thompson, District Judge, United States District Court, Nevada, sitting by designation.

## I. *Sufficiency of the evidence.*

When appellant filed her application, the Act required that she show "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." 42 U.S.C. §§ 416(i), 423 (c). In 1965, the last clause was amended, substituting "not less than 12 months" for "long-continued and indefinite duration." 79 Stat. 367. In 1967, after the decision of the Secretary and the trial court, the Act was further amended. A definition of "physical or mental impairment" was added. " * * * a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." P.L. 90–248, 1967 U.S.Code Cong. & Admin. News, p. 983. These amendments are applicable here. Dean v. Gardner, 9 Cir., 1968, 393 F.2d 327.

■■ The hearing examiner held in substance that appellant had not met her burden of proof. We agree. The pertinent date is June 30, 1955, the date when her insured status terminated. Much of the evidence relates to occurrences since that time, which have only tangential relevance. There is testimony by appellant that, before June 30, 1955, she had lower back pain, dizzy spells, pains in her neck, weakness in her arms, and trouble in sleeping. Her husband described her troubles in general terms, and characterized her condition as bad. But the record is almost totally devoid of medical testimony that would bring her case within the statute. Dr. Fraser treated her before the crucial date; he diagnosed her condition as "a stiff arthritic cervical spine." Her physician, Dr. Whiting, did not see her in 1955. His only diagnostic statement relating to the crucial period was that she had headaches and vertigo. The hearing examiner explained the problem to appellant and attempted to elicit more helpful information from her or from her doctors and the hearing was reopened to admit one medical report. However, appellant failed to introduce any more explicit medical testimony as to her condition before June 30, 1955. The hearing examiner was forced to conclude that appellant had not established the existence of a disability before June 30, 1955 and that finding is supported by substantial evidence. See Ryan v. Secretary, 9 Cir., 1968, 393 F.2d 340.

### 2. *Lack of counsel.*

Appellant argues that the Secretary encouraged appellant (and others like her) to forego the right to be represented by counsel. She cites the following from a pamphlet as an example: "Most people handle their social security affairs with the help of the people in the Social Security Office." Other examples are cited to similar effect. Appellant claims that she was misled by these statements into thinking that the proceeding was not an adversary one and that her lack of counsel resulted in lack of knowledge of the requirements for establishing the existence of a disability. She also claims that she was not assisted by the Secretary in establishing the relevant facts necessary to substantiate her claim. This argument was not explicitly raised below. It is true that appellant's memorandum in support of her motion for summary judgment discusses her lack of and need for a lawyer, but the motion does not ask for a remand on this ground; it asks only that the Secretary's order be reversed and that judgment be entered for appellant. She does include lack of counsel as a point upon which she intends to rely on appeal. The complaint contained no allegation that appellant had been misled by the Secretary to her detriment. In these circumstances, it might be appropriate to conclude that the issue of representation is not before this court. However, we prefer to dispose of the claim on the merits.

■■ Only one of the items cited by appellant as examples of the Secretary's misleading statements appears in the rec-

ord. That document is the "Notice of Hearing." It does state that a lawyer is not required, but that representation is permitted, applicant being responsible for the lawyer's fee. Moreover, the same notice provides extensive information as to the requirements for disability benefits, and informs appellant of the date as of which she had to prove disability. In addition, the hearing examiner more than once indicated to appellant that more information, especially from Dr. Whiting, would be helpful in properly assessing her claim of disability. We conclude that the record does not establish that appellant was misled as to her right to be represented by counsel, and that she received a full and fair hearing.

Affirmed.