**Roderick J. SCHAD, Plaintiff,**

**v.**

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 68–1349.**

United States District Court
W. D. Pennsylvania.
Sept. 15, 1969.

A. J. Kuzdenyi, Uniontown, Pa., for plaintiff.

John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

On September 7, 1967, plaintiff filed with the Social Security Administration an application for disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, alleging that he first became unable to engage in any substantial gainful activity in June, 1967. His claim was denied by the Division of Evaluation and Authorization and by the Division of Reconsideration, Bureau of Disability Insurance, and at plaintiff's request a hearing was had before a hearing examiner of the Bureau of Hearings and Appeals who also denied plaintiff's claim. On September 25, 1968, the Appeals Council of the Social Security Administration modified the hearing examiner's findings of fact[1] and affirmed the decision as modified; whereupon, pursuant to § 205(g) of the Act, as amended, 42 U.S.C. § 405(g) plaintiff commenced this action to obtain a judicial review of the decision of the Secretary[2] denying his claim. With his answer to the complaint, defendant filed a certified copy of the transcript of the record of the proceedings before the Social Security Administration in compliance with § 205(g) of the Act, *supra*, and subsequently moved for summary judgment.

■ Section 205(g), *supra*, provides in its pertinent part as follows:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405(g).

Under § 205(g) and under the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957); Ferenz v. Folsom, 237 F.2d 46 (3d Cir. 1956). "Our judicial duty therefore is to satisfy ourselves that the agency determination has warrant in the record, viewing that record as a whole, and a reasonable basis in law. [Citations omitted.]" Boyd v. Folsom, 257 F.2d 778, 781 (3d Cir. 1958). See also, Braun v. Ribicoff, 292 F.2d 354, 357 (3d Cir. 1961).

■ We have reviewed the record upon which the Appeals Council based its decision and conclude that on the record as a whole, the Secretary's decision that the plaintiff was not precluded from engaging in any substantial gainful activity is supported by substantial evidence.

Plaintiff was born in 1909 and dropped out of school in the eighth grade. Shortly thereafter he was employed by the United Cigar Store Company as a retail cigar salesman. He left this job in 1942 and became a trolley

1. The hearing examiner found that plaintiff met the earnings requirements of § 216(i)(3)(B)(i) of the Act, 42 U.S.C. § 416(i)(3)(B)(i), only to June 30, 1967. The Appeals Council revised this to December 31, 1967.

2. Since the Appeals Council of the Social Security Administration affirmed the decision of the hearing examiner, his findings of fact became the findings of fact of the Secretary under § 205 of the Act. See: Hodgson v Celebrezze, 312 F.2d 260, 261 (3d Cir. 1963), citing Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

Subsection 205(g) of the Act, as amended, provides:
 Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office." 42 U.S.C. § 405(g).

car operator with the Pittsburgh Railways Company. On June 30, 1959, plaintiff had a heart attack which resulted in his being placed on a disability pension by the Pittsburgh Railways Company. In September, 1960, plaintiff went to work for a friend as a retail clerk in Friedland's Cigar Store. He worked seven hours a day, five or six days a week at $1.25 per hour until 1964 when his hours were reduced by a new owner to four hours a day, and he worked under the new arrangement until April 2, 1967, when he was laid off because the next new owner of the store decided to conduct the business by himself. He then worked part time as a drug packer at Sterling Distributing Company until June, 1967, when he sold his house in Allegheny County, Pennsylvania and moved to East Millsboro, Pennsylvania. Since then he has been unemployed.

The medical evidence available to the hearing examiner and the Appeals Council showed that plaintiff suffered from coronary insufficiency caused by his 1959 heart attack, arteriosclerotic heart disease, general arteriosclerosis, hiatus hernia or duodenal ulcer, mild emphysema with mild interstitial fibrosis, and anxiety over his situation.

None of the physicians were of the opinion that plaintiff was disabled. On the contrary, Dr. Kusher concluded that: "[I]f he can be helped to get work which is not too strenuous, I believe that we can still have a useful tax-paying citizen" (R., p. 94). Robert C. Johnson, M.D., gave a good prognosis (R., p. 90).

Plaintiff's subjective complaints relating to his work at the cigar store indicated that he had no difficulty except on occasions in the summer when he would be required to lift cases of full soft drink bottles weighing approximately 30 pounds. He would become fatigued, short of breath and get pains behind his chest on those occasions.

A vocational expert testified that plaintiff would have a reasonable opportunity of securing a job in the retail sales field, especially in the field of tobacco and cosmetics products, and that the job markets in this field in and around Uniontown, Pennsylvania, and Washington, Pennsylvania, 10 and 25 miles from plaintiff's home, respectively, were good. Plaintiff was considered a likely prospect for retail sales work because of his prior experience, good appearance and his disposition.

The hearing examiner and the Appeals Council concluded that because of his heart condition, plaintiff was precluded from engaging in his previous occupation as a trolley car operator and other occupations requiring moderate to strenuous physical exertion; nonetheless he was not disabled within the meaning of the Social Security Act because he could engage in his prior occupation in the retail sales field. In our opinion, substantial evidence of record, noted above, supports this conclusion.

The initial burden of proof is on the plaintiff to prove a disability to engage in his prior occupations. Baker v. Gardner, 362 F.2d 864, 868 (3d Cir. 1966); Bujnovsky v. Celebrezze, 343 F.2d 868 (3d Cir. 1965). Since plaintiff has failed to meet this burden of proof, he may not prevail.

At the hearing on defendant's motion for summary judgment, plaintiff's counsel advised the court that plaintiff died on January 19, 1969.[3] He also offered as an exhibit plaintiff's death certificate upon which the certifying physician concluded that the causes of death were myocardial infarction (which occurred nine days prior to death) and arteriosclerotic heart disease. Counsel urged the court to remand the case to the Secretary for further proceedings, at which this new evidence might be considered. In our opinion, this new evidence does not warrant a

3. Mr. Schad's personal representative has not been submitted as plaintiff in this action.

remand. The Secretary has already considered plaintiff's arteriosclerotic heart condition, and the fact that plaintiff died of a second heart attack almost ten years after his first one and more than one year after he last met the earnings requirements of the Act is not probative of disability in this case.

 In his brief and at oral argument, counsel also urged that we remand the case to the Secretary for the reason that plaintiff was not represented by counsel at his hearing or in connection with his appeal to the Appeals Council.

Section 205(g) of the Act provides in part:

"The court * * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision * * *." 42 U.S.C. § 405(g).

In our opinion, good cause for an order remanding the case to the Secretary has not been shown. There has been no showing of what additional evidence, other than that already discussed, might be presented on remand or that any additional evidence would have any bearing on the factual issues already resolved by the Secretary. Cf. Deskins v. Ribicoff, 232 F.Supp. 211 (S.D.W.Va.1964). Nor do we think that remand should be ordered where the Secretary's findings are not based upon vague, ambiguous or otherwise deficient evidence.

Since the finding of the Secretary that plaintiff was not, on or before December 31, 1967, disabled within the meaning of the Social Security Act is supported by substantial evidence, and since good cause for remanding the case to the Secretary for further proceedings has not been shown, we must affirm the administrative decision and grant defendant's motion for summary judgment.

An appropriate order will be entered.