**Mary GRANGER, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 17478.**

United States Court of Appeals, Seventh Circuit.

April 15, 1970.

---

2. *But see* Baker v. United States, 5 Cir., 357 F.2d 11, 13–14.

Daniel J. Harrigan, Kokomo, Ind., William S. Glickfield, Marion, Ind., for plaintiff-appellant; Bayliff, Harrigan & Cord, Kokomo, Ind., of counsel.

Robert V. Zener, Ronald R. Glancz, Attys., Dept. of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Alfred W. Moellering, U. S. Atty., Washington, D. C., for defendant-appellee.

Before KNOCH, Senior Circuit Judge and CUMMINGS and KERNER, Circuit Judges.

KNOCH, Senior Circuit Judge.

This appeal is taken from grant of a motion for summary judgment in favor of defendant-appellee, the Secretary of Health, Education and Welfare. The Secretary sought summary judgment on the ground that the pleadings and transcript of hearings held on the application of plaintiff-appellant, Mary Granger, for disability benefits under the Social Security Act showed that the Secretary was entitled to judgment as a matter of law.

Plaintiff sets out the issue for review as follows:

"The only issue presented for review is whether or not:

1. Appellant was effectively denied her right to counsel as guaranteed by the Due Process Clause of the United States Constitution,

2. was deprived of her right to a fair hearing as required by the Due Process Clause of the United States Constitution, and

3. was effectively misinformed as to the statute's scheme designed by Congress to secure counsel for indigent Social Security claimants and thus deprived of the benefits of said scheme."

Plaintiff is described in her brief as illiterate, mentally retarded and unemployable for several years because of alleged permanent physical impairment. Her application of October 5, 1966, for disability benefits under Title 42 U.S.C. §§ 416(i) and 423, was denied under date of June 8, 1967. After a hearing on her appeal September 21, 1967, the hearing examiner sustained the denial after evaluation of the evidence of several physicians and disability examiners, on the ground that plaintiff was not disabled within the meaning of the Act at any time prior to the expiration of her insured status on June 30, 1962.

Plaintiff then engaged legal counsel who sought review in the District Court, under Title 42 U.S.C. § 405(g), asserting primarily that plaintiff was not adequately advised of her right to have counsel at the hearing held on September 21, 1967.

Plaintiff's counsel argues that the Secretary has a duty to inform applicants not only of their right to representation by counsel at the evidentiary hearing but also to advise them (as plaintiff was not advised by the hearing officer) that there is a possibility of securing legal representation on a contingency fee basis, subject, of course, to the restrictions on fees outlined in the Act.

Because of plaintiff's retardation, illiteracy and emotional instability, counsel asserts that extra and substantial care was required to ensure that plaintiff understood her rights and realized that she had a real (as well as a theoretical) opportunity to put those rights into effect.

■ The District Court entered an Order which included extensive analysis of the record, the arguments of counsel and the applicable law. He found the decision of the Secretary was clearly supported by substantial evidence, of which he obviously made a detailed study. We agree.

■ As the District Judge noted, Title 42 U.S.C. § 406 permits but does not require legal representation at evidentiary hearings.

Our own reading of the transcript satisfies us that the hearing examiner did make every effort to explain the nature and purpose of the proceedings to plaintiff, whose answers indicate that she did understand the examiner's statements and questions.

After the hearing the hearing examiner reopened the record to receive further reports from a physician and a psychologist. Actually there had been little showing of serious mental deficiency until after the hearing. Plaintiff mentioned her limited education and employed colloquial, ungrammatical expressions but she made clear and responsive statements. She also presented considerable documentary evidence to support her claim, although her counsel now sees those efforts as very feeble and inept.

The psychologist's report, on which plaintiff's counsel largely relies, was based on tests in October 1967, more than five years after the critical date when disability must have existed to entitle plaintiff to disability benefits. The description of the plaintiff in that report is sharply at variance with the picture that emerges from a reading of the testimony. Further, although the report suggests that these conditions have existed for many years, the hearing examiner noted that plaintiff was nevertheless able to function and was employed. Her vocational history showed that from about 1930 to 1942 she had seasonal employment with Ace Canning Factory, and did babysitting and odd jobs during the off-season part of the year. From about 1942 until November 1956, she had worked as an "inspector" for General Motors Guide Lamp Division, after which she again worked at canning during many of the seasons from 1957 to 1965.

When asked at the outset whether she had a lawyer, plaintiff said that took money and she had so many bills she could not afford anything like that. The impression was that she was unwilling to pay any fee. There are no provisions for supplyng counsel at government expense.

The District Judge found it would be sheer unfounded speculation to insist that legal representation was necessary to ensure a fair and impartial hearing for plaintiff. Her counsel now conjectures that an attorney might have presented as witnesses plaintiff's relatives, friends, or physicians who examined her at various pertinent times, whose names she had since forgotten. We agree with the District Court that this is mere

speculation. We cannot accept the plaintiff's view of the scope of the Secretary's duty to advise claimants. The judgment of the District Court is affirmed.

Affirmed.