Edith E. **CHRISTOPHER**

v.

**Robert W. FINCH, Secretary of Health, Education & Welfare.**

**Civ. A. No. 69–2845.**

United States District Court,
E. D. Pennsylvania.

Aug. 13, 1970.

Benjamin Levin, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., and Jeffrey M. Miller, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

The issues arise under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a decision of the Secretary of Health, Education and Welfare denying claimant's application for a period of disability and disability benefits under Sections 216(i) and 223 of the Social Security Act. The conclusions of the hearing examiner became final when the Appeals Council affirmed on August 7, 1969.

Both parties have moved for summary judgment and claimant alternatively asks for a remand.

By statutory provision, the findings of the Secretary, as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). In the instant case, we conclude that both the findings and the decision of the Secretary are supported by substantial evidence.

The claimant, Mrs. Edith E. Christopher, was born in 1920, completed the tenth or eleventh grade in school and is able to read and write. She first worked as a domestic. Afterward she was employed as a sewing machine operator and later as an examiner in the clothing industry.

Mrs. Christopher last worked in April, 1961. At that time she quit because of pains in her chest. (N.T. 62) In her application for disability dated September 4, 1968, claimant also alleged kidney and liver ailments, poor eyesight, seizures of hyperventilation, possible brain tumor and heart murmur.

The hearing examiner, after considering the testimony of the claimant, a medical advisor who had examined the medical record, and a vocational expert, concluded that the only medically acceptable diagnoses of claimant's condition were hyperventilation syndrome and psychoneurosis and that these conditions were not of sufficient severity to prevent her from engaging in any substantial gainful activity as of September 30, 1965, the last date on which she met her insured status. He further concluded that prior to that date she could have returned to her former job as a sewing machine operator and that she also had the physical functional capacity to engage in other job categories which existed in her region and several other regions of the country in substantial numbers.

Section 223(d) (3) of the Social Security Act states:

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

Claimant does not argue with the hearing examiner's finding that hyperventilation and psychoneurosis were the only impairments from which she suffered that were demonstrable by clinical and laboratory diagnostic techniques. Rather, it is argued that, once the hearing examiner accepted these two diagnoses, he had to consider claimant's testimony as to the effect of these impairments and not merely limit his consideration to objective evidence. We find that the hearing examiner did not so limit the evidence. Before Dr. Gelfand, the medical advisor, testified as to the claimant's condition, the hearing examiner questioned him as follows:

"Q: Now, doctor, is it correct to state that your testimony here today will be based on the medical exhibits, the testimony of the claimant and your observation of the claimant, and also your expertise in the medical profession?

"A: Yes, it is." (N.T. 82)

Thus claimant's testimony was one of the factors taken into account by Dr. Gelfand when he testified. He nevertheless concluded that the level of impairment was very moderate (N.T. 88) and that claimant could return to her previous job as a sewing machine operator. (N.T. 89)

[1] Claimant also alleges that she was denied a full hearing because she was not represented by counsel at the administrative hearing. However, in the absence of a showing of clear prejudice or unfairness at the agency level proceedings, the lack of counsel is not a sufficient cause for remand. Domozik v. Cohen, 413 F.2d 5 (3rd Cir. 1969). The record before us indicates no such prejudice or unfairness. The hearing examiner afforded full opportunity to Mrs. Christopher to present her case and adequately developed the issues relevant to her disability claim.

We find no merit in claimant's contention that the hearing examiner erred in basing his opinion that there were jobs available to claimant on the testimony of the vocational expert insofar as that testimony relied on the Dictionary of Occupational Titles. She maintains that the use of the Dictionary of Occupational Titles has repeatedly been disapproved as evidence of ability to do gainful work, citing Olenchick v. Gardner, 284 F.Supp. 304 (W.D.Pa.1968). It does not appear, however, that the vocational expert gave undue weight to the Dictionary of Occupational Titles. He testified that he also considered his own knowledge about jobs and the particular medical findings. He cited the Dictionary merely as the chief source *as far as getting information about jobs.* (N.T. 98–99) Moreover, the Third Circuit recently cited with apparent approval the use of the Dictionary of Occupational Titles by a vocational expert who also drew from his own experience. Woods v. Finch, 428 F.2d 469 (3rd Cir. 1970).[1]

1. The reasoning behind the criticism of the Dictionary of Occupational Titles to show what jobs a disability claimant could perform was that the Secretary had to show what jobs were reasonably available to the claimant and not merely what was conceivable. Hodgson v. Celebrezze, 357 F.2d 750 (3rd Cir. 1966). The D.O.T., merely listing job descriptions and requirements, was not substantial evidence that there was a reasonable likelihood of a claimant's actually being able to secure employment. The 1968 amendment to the Social Security Act added Section 223(d) (2) which provides that

"an individual * * * shall be determined to be under a disability only if he * * * cannot * * * engage in any * * * substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives * * * or whether he would be hired if he applied for work." Social Security Act § 223(d) (2) (A), 42 U.S.C. § 423(d) (2) (A) (Supp. IV, 1965–1968).

Thus Congress has made it clear that the fact that a claimant might not have a reasonable opportunity to engage in substantial gainful work (for such reasons

## 1104

Finally, claimant contends that the case should be remanded because of new medical evidence not presented to the hearing examiner at the time of the hearing. It is settled law that a plaintiff has the burden of showing good cause to have a case remanded after a decision by an administrative agency. Rush v. Gardner, 273 F.Supp. 753 (N.D. Ga.1967). New medical evidence of disability submitted by claimant subsequent to a decision of a hearing examiner may require remand for a proper evaluation of the newly discovered medical evidence. Mann v. Gardner, 380 F.2d 182 (5th Cir. 1967). However, here claimant has not shown sufficient good cause for a remand. She wishes to add two medical reports to the record, one from a Dr. Michael Berk (phonetic) and one from a Dr. R. Middleton Frazier. Claimant does not, however, indicate the relevance of these reports or what they will add to the already voluminous exhibits. Claimant did not start seeing Dr. Berk until 1968 (N.T. 43), approximately three years after she last met the insured status requirements of the Social Security Act, so his report must be considered to be of questionable relevance. It is not noted anywhere on the record when claimant began seeing Dr. Frazier, but it is noted that she last saw him sometime over a year before October, 1968. (N.T. 162)

We do not believe that plaintiff will be or has been precluded from submitting further proof if such is available, but on this record there is nothing to move this Court to remand for further hearing since we have adjudicated that the findings of the hearing examiner as sustained by the Appeals Council contain no error.

### ORDER

And now, this 13th day of August, 1970, it is ordered that plaintiff's motion for summary judgment is denied. Plaintiff's motion to remand is denied. Defendant's motion for summary judgment is granted.

---

as employer reluctance to hire him or the absence of such work in his immediate geographic area) is no longer relevant, so ·long as the claimant is physically and mentally capable of performing such work, and the work exists in at least several regions of the country. The Dictionary of Occupational Titles is clearly a relevant tool in making these latter two determinations.