James HESS, Jr.

v.

Caspar WEINBERGER, Secretary of
Health, Education and Welfare.

Civ. A. No. 73–558.

United States District Court,
E. D. Pennsylvania.

Sept. 10, 1973.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

R. J. Stout, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

OPINION

TROUTMAN, District Judge.

This action is brought under Section 205(g) of the Social Security Act, 42 U. S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The final decision in this case is that of the Administrative Law Judge dated October 24, 1972. After considering the entire record, the Appeals Council denied plaintiff's request for review thereof on January 16, 1972. The final decision holds that the plain-

tiff is not entitled to benefits under Section 216(i) and Section 223, respectively, of the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423.

Plaintiff's complaint was filed in this Court on March 13, 1973. On June 29, 1973, defendant gave plaintiff notice of his intention to file a motion for summary judgment on July 13, 1973. In response to such notice, the plaintiff, on July 13, 1973, filed a motion to remand the case to the Social Security Administration for further hearing.

### Plaintiff's Motion to Remand

Plaintiff was not represented by counsel in connection with the various proceedings before the Social Security Administration, the Administrative Law Judge and the Appeals Council. He has been represented by counsel since the filing of the complaint on March 13, 1973. Lack of such representation was voluntary on plaintiff's part. On at least three occasions prior to hearing, he was advised of his right to such representation. On the "Request for Hearing" form signed by the plaintiff on August 30, 1972, space was provided for the "Signature or name of claimant's representative" (p. 13). In the notification of hearing form he was specifically advised " * * * you may be represented at the hearing by an attorney or other qualified person of your choice, if you desire assistance in presenting your case" (p. 12). At the hearing held on October 10, 1972, the Administrative Law Judge advised the plaintiff and the latter responded as follows (p. 16):

"Now, Mr. Hess, the notice of hearing which I sent to you contained information that you could be represented at this proceeding by an attorney or other representative. Since you're here without such representation, am I correct in understanding that you wish to proceed with the hearing without a lawyer or other representative?

CLAIMANT: Yes, sir."

The issues involved and the procedures to be followed were then explained in detail to the plaintiff (pp. 16, 17, 18 and 19). All exhibits were submitted to the plaintiff and full opportunity afforded to study the same (p. 17). The plaintiff testified at length (pp. 20–45). He was given additional opportunity to present anything not already in the record (pp. 44 and 45):

"Q. I told you that I'd let you tell me anything that you wanted to that I didn't cover by questions. Is there anything else that you'd like to tell me about?

A. Not that I can think of right off hand.

Q. Well, I'll let you sit back and relax, maybe you'll think of something later on. I'll give you another opportunity after I finish talking with Dr. Angell.

A. Alright."

Following the testimony of the vocational expert and at the conclusion of the hearing, further opportunity was again afforded the plaintiff to supplement the record (p. 36). At no time, although repeatedly given an opportunity, did he indicate any interest in legal representation. Nor does the record show that he was the least inhibited in presenting all facts and information supportive of his claim.

Following the hearing and the decision of the Administrative Law Judge, he was advised of his right to request review by the Appeals Council and was again specifically advised, "You, or your representative, may file the request for review * * *" (p. 4). He retained no counsel or other representation. Only after denial of review by the Appeals Council on January 16, 1972, did he obtain counsel and file with this Court motion to remand.

Reference to plaintiff's motion to remand establishes that it contains no specifics but only the most general allegations or averments. It suggests:

(1) That "now that he (plaintiff) has counsel", remand is desired "to present such testimony as he has available" (p. 1 of motion),

(2) That "the record would indicate that there was prejudice and unfairness at the hearing" (p. 3),

(3) That had he been represented by counsel, plaintiff "would have offered testimony in support of disability" (p. 3),

(4) That if plaintiff had been represented by counsel "the Examiner would not have chosen to ask questions of the vocational expert but instead would have confined himself to the question at issue, gainful employment at and prior to the relevant date" (p. 3),

(5) That "because of lack of counsel, since the burden of proof is upon him, he (plaintiff) was not able to properly and fairly present his case to the Examiner" (p. 3),

(6) That "the conduct of the Examiner in this case would indicate that he, the Hearing Examiner, did not inquire fully into the matters at issue" (p. 3).

■ We have carefully studied the record in detail. It is evident that plaintiff testified fully as to all medical services received by him since he last worked. The record contains complete reports from all physicians who rendered treatment and all hospitals in which he was confined. All leads were properly followed by the authorities as they processed the plaintiff's claim and all pertinent information developed. Plaintiff answered detailed questions with regard thereto. Nowhere does there appear the slightest suggestion that any portion of plaintiff's work history or medical history, care and treatment, was overlooked or not investigated and full information obtained. To suggest that had he been represented by counsel, he would have "offered testimony in support of disability" is unrealistic. To the extent that plaintiff has failed, by affidavit or otherwise, to support such averment with specifics as to the testimony to be offered, including the source and general content thereof, his motion lacks credibility and falls far short of the minimum requirements incident to a remand. The Court is, at least, entitled to know what testimony is intended to be offered, its general content, its intended impact, when it became available, why it was not produced or at least alluded to in the extended proceedings before the Secretary and like information, all for the purpose of determining its competency, its relevancy and the necessity for remand and further hearing.

Neither can we find any evidence of "prejudice and unfairness" in the conduct of the hearing or on the part of the Administrative Law Judge and none is detailed by the plaintiff. Every opportunity was given the plaintiff to present his case. In fact, the Administrative Law Judge went out of his way to develop all facts and all evidence favoring the plaintiff and from which a favorable inference could be drawn. He asked no questions which elicited testimony unfairly. He inquired fully and fairly in a manner, form and style which could have been no different had counsel been present. The Administrative Law Judge assisted plaintiff properly in every respect in establishing relevant facts necessary to substantiate his claim.

Plaintiff rests his motion to remand squarely and exclusively upon Steimer v. Gardner, 395 F.2d 197 (9th Cir. 1968), apparently contending that the mere request for a remand is sufficient where, as here, a plaintiff was unrepresented by counsel before the Administrative authorities. There, as here, the plaintiff received notice and was fully advised as to the right to counsel. There, as here, a full, fair and impartial hearing was held in which the plaintiff was not misled. The Court noted that a remand had not been requested, but clearly implied that, if filed, it would have been denied. This Circuit has recognized the thrust of the *Steimer* opinion in the case of Domozik v. Cohen, 413 F.2d 5 (3d Cir. 1969)[1], where the Court stated:

"[2] Finally, we find no merit in appellant's contention, raised for the

---

1. Counsel here representing the plaintiff Hess also represented *Domozik*.

first time at oral argument, that the case should be sent back for further review by the Secretary because appellant was not represented by counsel in the prior applications or in the hearing before the Examiner in the present suit. In the absence of a showing of clear prejudice or unfairness at the agency level proceedings, the lack of counsel is not a sufficient cause for remand. *See* Steimer v. Gardner, 395 F.2d 197 (9th Cir. 1968)." 413 F.2d at 9.

Clear prejudice or unfairness at the agency level has not been shown by the plaintiff. In Christopher v. Finch, 317 F.Supp. 1101 (E.D.Pa.1970), following the rule thus established by this Circuit in *Domozik*, the Court denied plaintiff's motion to remand notwithstanding the submission of two medical reports in support of said motion. The Court concluded that said reports were of "questionable relevance". Upon consideration of the entire record, the Court stated:

"* * * However, in the absence of a showing of clear prejudice or unfairness at the agency level proceedings, the lack of counsel is not a sufficient cause for remand. Domozik v. Cohen, 413 F.2d 5 (3rd Cir. 1969). The record before us indicates no such prejudice or unfairness. The hearing examiner afforded full opportunity to Mrs. Christopher to present her case and adequately developed the issues relevant to her disability claim." 317 F.Supp. at 1103.

The law of other circuits is consistent with the rule expressed in *Domozik*. In Perry v. Richardson, 440 F.2d 677 (6th Cir. 1971) the plaintiff, like the plaintiff here, made only general allegations and suggested no specific additional evidence if remand were allowed. Rather, she contended that "an attorney could have done a better job of cross-examining." 440 F.2d at 678. Motion to remand was denied. If the credibility of witnesses were a pivotal issue and the cross-examination of such witnesses, therefore, crucial, some credible argument for remand could be made. Webb

v. Finch, 431 F.2d 1179 (6th Cir. 1970). However, such is not the case here. Only two witnesses testified, the plaintiff and the vocational expert whose credibility is not attacked. All other evidence consists of medical reports and hospital records not reasonably subject to attack on cross-examination.

In Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970), the Chief Judge of the Fourth Circuit bothered to explain at some length the rationale underlying the repeated denials of motions to remand in Social Security cases.

"[3] The only justification advanced by the District Court for allowing judicial review in this case, apart from the circular statement that there had been none previously, is that Easley was not represented by counsel at the hearing on his second application for benefits. We think this an insufficient basis for disregarding the principle of repose.

"[4] A hearing on an application for benefits is not an adversary proceeding. The applicant is confronted with no adversary in the usual sense of that term. The Social Security Administration provides an applicant with assistance to prove his claim. Here, the Administration provided a comprehensive medical examination. There is no reason to suspect any influence which would compromise its objectivity. Although only about five per cent of all applicants are represented by counsel at the initial and reconsideration stages, the majority of claims are allowed. This hardly suggests the existence of widespread unfairness to applicants unrepresented by counsel or of procedural or other hurdles which are insurmountable by laymen. The contrary, in fact, is demonstrated by this case. * * *" 431 F.2d at 1353.

In Sykes v. Finch, 443 F.2d 192 (7th Cir. 1971), in affirming the denial of a motion to remand, the Court stated:

"[3] Plaintiff's remaining contention is that lack of representation by

counsel at the agency proceedings requires a remand to the Secretary for a rehearing. This Court in Granger v. Finch, 7 Cir., 425 F.2d 206, had occasion to observe, in connection with an agency proceeding such as the one here involved, that it is mere speculation to insist that legal representation is necessary to ensure a fair and impartial hearing for the claimant. Absent a showing of clear prejudice or unfairness in the proceeding, lack of representation by counsel is not a sufficient cause for remand. Domozik v. Cohen, 3 Cir., 413 F.2d 5, 9; Cross v. Finch, 5 Cir., 427 F.2d 406, 409.

"The record here discloses that plaintiff was informed of her right to be represented by counsel before the hearing examiner. In the Notice of Reconsideration Determination the Social Security Administration sent the plaintiff advising her of her right to request a hearing before a hearing examiner of the Bureau of Hearings and Appeals she was urged to read an enclosed leaflet for a full explanation of her right to appeal. The leaflet expressly informed plaintiff that she could be represented by counsel. The Request for Hearing subsequently filed by the plaintiff left blank the space provided for her representative's signature and expressly waived her right to appear and give evidence before the examiner. And, it is apparent from the record that the plaintiff is a mature, reasonably intelligent and astute person.

"Plaintiff makes no showing of prejudice or unfairness in the proceeding. She urges only that counsel would be able more forcibly to present her claim. And there is no showing of good cause to remand for the taking of additional evidence before the Secretary which would show the requisite disability, Lamar v. Celebrezze, 7 Cir., 354 F.2d 645, 648."

■ Section 205(g), 42 U.S.C. § 405(g), provides in part:

"The Court * * * may, at any time, on good cause shown, order additional evidence to be taken * * * ". "Good cause" consists of something more than mere "new evidence". It must also be relevant and probative. In Schad v. Finch, 303 F.Supp. 595 (E.D. Pa.1969), the Court stated:

" * * * In our opinion, good cause for an order remanding the case to the Secretary has not been shown. There has been no showing of what additional evidence, other than that already discussed, might be presented on remand or that any additional evidence would have any bearing on the factual issues already resolved by the Secretary. *Cf.* Deskins v. Ribicoff, 232 F.Supp. 211 (S.D.W.Va.1964). Nor do we think that remand should be ordered where the Secretary's findings are not based upon vague, ambiguous or otherwise deficient evidence." 303 F.Supp. at 599.

Conjecture and speculation as to how counsel might have handled the hearing and what testimony he might have produced, if retained, cannot afford the basis for remand. In Granger v. Finch, 425 F.2d 206 (7th Cir. 1970), the Court stated:

"The District Judge found it would be sheer unfounded speculation to insist that legal representation was necessary to ensure a fair and impartial hearing for plaintiff. Her counsel now conjectures that an attorney might have presented as witnesses plaintiff's relatives, friends, or physicians who examined her at various pertinent times, whose names she had since forgotten. We agree with the District Court that this is mere speculation. We cannot accept the plaintiff's view of the scope of the Secretary's duty to advise claimants. The judgment of the District Court is affirmed." 425 F.2d at 208–209.

Having carefully considered the averments contained in plaintiff's motion to remand, having carefully studied the record and reviewed the pertinent and

applicable authorities, we find said motion to be without merit and will, accordingly, deny it.

### Motions for Summary Judgment

The defendant has filed a motion for summary judgment. In response, plaintiff has filed a motion to remand which will be denied. In fairness to the plaintiff, we shall consider the record as though a cross-motion for summary judgment had been filed by plaintiff and thus reach the merits of the case.

The plaintiff has not worked since July 1971. Application for disability insurance benefits was filed on May 5, 1972. The present record establishes that plaintiff will continue to meet the special earnings requirements of the Act and, depending upon his future condition, may qualify for benefits through September 30, 1976 (p. 18). To qualify presently, he must establish a disability, as defined by the Act, beginning on or before the date of the hearing held by the Administrative Law Judge on October 10, 1972 (pp. 18, 19). He must establish inability "to engage in any substantial gainful activity" on or prior to October 10, 1972. The Administrative Law Judge has made the following findings and conclusions:

"1. The claimant, 43 years of age, continues to meet the special earnings requirements of the law until September 30, 1976.

2. He has an eighth grade education supplemented by partial completion of a watchmaking course and a completed sheet metal course and within the variety of occupations he has engaged in, has increased the level of skill required in the work he has had.

3. His last employment as stock selector required heavier lifting than his impairments currently permit.

4. Medically determinable impairments consist of chronic bronchitis with a history of recurrent infectious bronchitis productive of a moderately severe obstructive ventilatory impairment.

5. Although the above impairment precludes light work activity as defined earlier herein as well as the work last performed by the claimant, sedentary work activity as described by the vocational witness and reported in this decision is not prevented by the existing pulmonary impairment.

6. The sedentary jobs enumerated by the vocational witness are incident to the two local regions of Pennsylvania in significant numbers.

7. The claimant is not precluded from all substantial gainful activity as the term is used in the Social Security Act, as amended, and herein is not disabled within the meaning of the law."

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). This Court has no authority to hear the case *de novo*. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964); Mauldin v. Celebrezze, 260 F. Supp. 287 (D.C.S.C.1966). The question here involved, therefore, is whether there is substantial evidence to support the Secretary's decision. To answer this question, it is the duty of this Court to look at the record as a whole. Boyd v. Folsom, 257 F.2d 778 (3d Cir. 1958); Klimaszewski v. Flemming, 176 F.Supp. 927 (E.D.Pa.1959).

The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in substantial gainful activity. Stancavage v. Celebrezze, 323 F.2d 373 (3d Cir. 1963); Klimaszewski v. Flemming, *supra*, 176 F.Supp. at p. 931.

"Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". Con-

solo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); Consolidated Edison Co. v. Labor Board, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). It must be enough, if the trial were to a jury, to justify a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

 There are four elements of proof to be considered in making a finding as to plaintiff's ability or inability to engage in any substantial gainful activity. They are: (1) medical data and findings, (2) expert medical opinions, (3) subjective complaints, and (4) plaintiff's age, educational background, and work history. Dillon v. Celebrezze, 345 F.2d 753, 755 (4th Cir. 1965); Thomas v. Celebrezze, *supra*, 331 F.2d at 545; Underwood v. Ribicoff, *supra*, 298 F.2d at 851.

We have carefully reviewed and considered the entire record. We have already alluded thereto repeatedly. We shall not repeat. Suffice it to say that the record appears to contain all information relevant to the plaintiff's complaints, work history and physical condition. It contains medical and hospital reports and records from all physicians and hospitals who have had any substantial contact with the plaintiff since his last day of work, including Dr. Schlitzer, Dr. Ricchiuti, The Pottsville Hospital and Warne Clinic, and The Geisinger Medical Center (pp. 83–96). According to his own testimony, none of the medical authorities have advised him not to engage in physical activities.

"Q. Now have any of the doctors told you not to do any physical activities whatsoever?

A. No, just take it easy, you know."

On the entire record, we conclude that it contains substantial evidence to support the findings and conclusions of the Administrative Law Judge as affirmed by the Appeals Council. On the entire record, we conclude that the denial of benefits was proper. Treating the record as though a cross-motion for summary judgment were filed by the plaintiff, we will deny plaintiff's motion and grant defendant's motion for summary judgment.