Leona BRADLEY, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare for the United States of America, Defendant-Appellee.

No. 77–1534.

United States Court of Appeals, Tenth Circuit.

Submitted March 6, 1978 on the Briefs.

Decided April 10, 1978.

Andrew L. Hamilton, of Bay, Hamilton, Lees & Spears, Oklahoma City, Okl., for plaintiff-appellant.

John E. Green, Acting U. S. Atty., David A. Poarch, Asst. U. S. Atty., Oklahoma City, Okl., for defendant-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Leona Bradley (Bradley) appeals the dismissal of her cause of action entered upon motion, following pleadings, briefs, affidavits, and reports submitted to and considered by the court. Bradley had sought review of the denial of disability insurance benefits which she claims entitlement to under the Social Security Act. A detailed background recitation should facilitate our review.

Bradley filed an application for disability benefits on May 5, 1971 alleging that she became unable to work in 1966 at age 47. On July 28, 1971 Bradley was notified that she was not entitled to disability benefits because "your condition is not severe enough to be considered disabling within the meaning of the law." The denial was affirmed on reconsideration.

Thereafter, Bradley requested and was granted a *de novo* hearing before an administrative law judge on her application for disability benefits. During the hearing Bradley presented a number of witnesses, including several doctors, who testified in detail relative to her condition. Bradley was represented by an attorney throughout the hearing. On January 31, 1973, after evaluating the evidence presented, the administrative law judge found that Bradley was not under a disability. In so ruling the administrative law judge found, *inter alia*, that Bradley was suffering "from chronic cholecystitis, chronic gastritis, essential vascular hypertension, fibroid uterus, spinal arthritis, and chronic sinusitis, with the probability of being paranoid schizophrenic"; that Bradley did not have a medically determined impairment or impairments of the severity listed in "the Secretary's regulations"; and that she did not have an impairment which "precluded her from engaging in any gainful activity for a continuous period of 12 months prior to the date of this decision." On December 21, 1973, the Appeals Council, after reviewing the findings of the administrative law judge, and after receiving and reviewing additional evidence, found that Bradley was not under a disability. The Appeals Council, therefore, affirmed, as supplemented by its own additional findings, the ruling of the administrative law judge.

On February 26, 1974 Bradley filed a complaint in federal district court seeking a determination that she was entitled to disability benefits under the Social Security Act, *or* an order remanding her action for further administrative hearing. On October 16, 1974 the District Court determined

that "further medical testimony should be submitted in support of the Plaintiff's claim for disability." The court remanded Bradley's case for "the scheduling of a new hearing."

A supplemental hearing was held on October 29, 1975 at which time Bradley, represented by counsel, presented additional evidence through the testimony of two doctors and her son-in-law. On February 4, 1976, in concluding that Bradley had again failed to present evidence of an impairment or impairments which would preclude her from engaging in gainful activity, the administrative law judge found that Bradley's "primary impairment is a passive-dependent personality disorder, but this condition is not shown by the evidence to have manifested itself as a significant complication." This decision was adopted by the Appeals Council on February 25, 1976. In affirming the administrative law judge, the Appeals Council noted that although Bradley had been advised by the administrative law judge that "any exception, objection, or comment concerning the recommended decision should be filed with the Appeals Council within ten (10) days, that none has been received and the case is now before the Appeals Council for final administrative decision."

On March 4, 1976 Bradley filed a motion in federal district court to reactivate the case. Bradley's motion stated in part that plaintiff "takes exception to the Appeals Council's decision and respectfully requests the Court to set the matter for a determination of the issues between the parties." On September 13, 1976 Bradley also filed a motion to remand alleging that she had timely objected to the February 4, 1976 decision of the administrative law judge on February 10, 1976, but that the Appeals Council did not receive her objection until after it had adopted the recommended decision of the administrative law judge on February 25, 1976.

Bradley argued that a remand under 42 U.S.C.A. § 405(g) would be proper here for the introduction of new evidence for the record; that the acceptance and considera-

tion of the new evidence would benefit both the court and defendant in rendering a decision; and that the omission or failure to consider the new evidence would greatly prejudice her. The Secretary responded that since Bradley had not established "good cause" for the remand, another remand for further administrative hearings was not justified. Thereafter, the District Court approved and affirmed the administrative decision and dismissed the cause.

On appeal Bradley contends the court erred in dismissing her cause of action in that the dismissal constituted an abuse of discretion. We hold that the trial court did not err in dismissing the complaint and cause of action.

Bradley argues that at the time of dismissal the only matter pending before the court was her motion to remand and that, accordingly, the District Court apparently ordered the dismissal on its own motion pursuant to Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A. Bradley charges that this action was erroneous because she has "in no way delayed prosecution, but has been forceful and diligent at all times." The Secretary answers that the dismissal was proper and in accordance with 42 U.S.C.A. § 405(g). We agree.

§ 405(g) provides in part:

. . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding for a rehearing. . . . The court . . . may, at any time, on good cause shown, order additional evidence to be taken before the Secretary . . . .

Thus, § 405(g) empowers a District Court to enter judgment on the "pleadings and transcript of the record" and to "at any time, on good cause shown, order additional evidence to be taken before the Secretary." Viewed in this light, the sole question presented on this appeal is whether Bradley has established "good cause" for ordering the taking of additional evidence.

■ "Good cause" is more than a desire to relitigate the same issues. In *Davila v.*

*Weinberger*, 408 F.Supp. 738 (E.D.Pa.1976), the court observed:

> Remand to the Secretary for the purpose of taking additional evidence can only be had on a showing of 'good cause' as required by Section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g). *Hess v. Secretary of HEW*, 497 F.2d 837 (3d Cir. 1974); *Sykes v. Finch*, 443 F.2d 192 (7th Cir. 1971); *Kreider v. Weinberger*, Civil Action No. 73–2739 (E.D.Pa., filed January 9, 1975); *Reardon v. Weinberger*, 387 F.Supp. 1210 (E.D.Pa., filed January 3, 1975).

As was said in *Long v. Richardson*, 334 F.Supp. 305, 306 (W.D.Va.1971), with regard to claimant's request to remand:

> Plaintiff must show to the court at least the general nature of the new evidence he wishes to introduce into the record, or the evidence itself.

Remand will not be ordered where it appears that the claimant seeks nothing more than the opportunity to produce additional and cumulative medical evidence which amounts only to a relitigation of the medical issues. As stated in *Moore v. Celebrezze*, 252 F.Supp. 593, 595 (E.D.Pa.1966), *aff'd* 376 F.2d 850 (3d Cir. 1967);

> [T]he plaintiff may not simply relitigate the same issues . . . or else there would be no end to litigation before the administrative boards and the courts.

408 F.Supp., at 745.

*See also: Hutchinson v. Weinberger*, 399 F.Supp. 426 (E.D.Mich.1975); *Hess v. Weinberger*, 363 F.Supp. 262 (E.D.Pa.1973); *Taylor v. Secretary*, 362 F.Supp. 952 (D.Kansas 1973); *Long v. Richardson*, 334 F.Supp. 305 (W.D.Va.1971); *Lucas v. Finch*, 322 F.Supp. 1209 (S.D.W.Va.1970).

█ Bradley has failed to establish "good cause" for remanding her case for further administrative proceedings. She has been afforded two complete hearings before administrative law judges and two reviews by the Appeals Council. Congress has delegated to the Secretary of Health, Education and Welfare the duty of administering the Social Security Act and rendering factual determinations and conclusions within guidelines contained in the controlling statutes. *Gardner v. Bishop*, 362 F.2d 917 (10th Cir. 1966). Such findings and conclusions cannot be disturbed by a reviewing court when, as here, there is substantial evidence to support them. *Keating v. Secretary*, 468 F.2d 788 (10th Cir. 1972); *Hedge v. Richardson*, 458 F.2d 1065 (10th Cir. 1972); *Trujillo v. Richardson*, 429 F.2d 1149 (10th Cir. 1970).

WE AFFIRM.