**Michael T. ROSOWICZ, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Social Security Administration, Defendant.**

No. CIV–77–712.

United States District Court, W. D. New York.

Oct. 2, 1979.

Mark G. Hirschorn of Siegel, McGee, Kelleher, Hirschorn & Munley, Buffalo, N. Y., for plaintiff.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y. (Hugh B. Scott, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff has instituted this action pursuant to section 205(g) (42 U.S.C. § 405(g)) of

the Social Security Act, *as amended*, ("the Act") to obtain judicial review of an administrative decision of the Secretary of Health, Education and Welfare ("the Secretary") denying plaintiff's claim for disability insurance benefits. Now before me are defendant's motion and plaintiff's cross-motion for summary judgment pursuant to Fed.R.Civ.P. rule 56(b).

Plaintiff filed an application for disability benefits January 29, 1976. The Social Security Administration ("the Administration") denied plaintiff's claim April 1, 1976 and plaintiff timely filed a request for reconsideration. Disability benefits were once again denied, by the Reconsideration Branch of the Administration by letter dated August 13, 1976. On December 8, 1976 a hearing was held before the Hon. Paul C. Rawlings, Administrative Law Judge ("ALJ") in Buffalo, N. Y. Judge Rawlings heard testimony from plaintiff, his wife, a friend and a vocational expert and had before him written reports from several physicians. He concluded that plaintiff was not disabled within the meaning of section 223 (42 U.S.C. § 423) of the Act. This determination was appealed to the Appeals Council which, after receiving additional written medical evidence, affirmed Judge Rawlings's decision. Plaintiff appeals this decision to this court under section 205 (42 U.S.C. § 405) of the Act.

Under this latter section, I have three distinct courses of action open to me. First, I may simply affirm the decision. However, if I find, on the record and after giving due consideration to the ability of the ALJ to observe the demeanor of the witnesses, that the decision is not supported by substantial evidence, I may reverse the Secretary's decision, with or without a remand. Alternatively, for "good cause shown", I may remand to the Secretary for further action. For the reasons set forth herein below, I conclude that good cause has been shown for a remand.

The dispute in this action is a narrow one. Both parties agree that plaintiff was insured under the Act. Additionally, the evidence regarding plaintiff's prospects of finding employment is clear: if plaintiff's claim that he is in severe pain much or all of the time and must spend much of the day lying down is believed, he is essentially unemployable and "disabled" within the meaning of the Act; if, however, as the ALJ found, plaintiff's pain is not severe and is adequately controlled by medication, he is not legally disabled.

The dispute in this action therefore resolves into a question whether plaintiff's claims of severe and incapacitating pain and distress are to be believed. Inasmuch as the ALJ was in a position to observe the witnesses and evaluate their credibility, normally his findings would be entitled to a large degree of deference upon this review. His finding that "claimant's subjective findings including pain are not entitled to great probative weight" (Record at 24) would be binding. However, it is important to note that, at the time of the hearing, plaintiff's testimony (corroborated as to various aspects by his wife, his mother and a close friend) presented little of objective, "hard" medical evidence to support his claim. *See,* Record at 204–10. Given this lack of evidence, the ALJ's decision on credibility was entirely reasonable on the record before him.

However, after the hearing and before review of the ALJ's finding by the Appeals Council, plaintiff submitted additional medical evidence of disability—to wit, diagnoses of polymyositis (simultaneous inflammation of several muscles) and connective tissue disease—by a rheumatologist and an orthopedic surgeon. *See,* Record at 214–19. Both physicians were specialists in areas relevant to plaintiff's claimed physical impairment; both opined that plaintiff was totally disabled. The Appeals Council's decision noted the receipt of this evidence and stated that it had been taken into consideration. (Record at 4–5.) Nonetheless the Council held that, on the record as a whole, the ALJ's findings were correct.

If this evidence had been received after final review by the Appeals Council, it is clear that it would constitute "good cause" for a remand. *See, e. g., Terio v. Weinber-*

*ger,* 410 F.Supp. 209 (W.D.N.Y.1976). That it was received prior to the decision of the Appeals Council does not, on the somewhat unusual facts of this case, mandate a different result. This evidence is important in and of itself, but even more important is the reflection it casts upon what the ALJ characterized as plaintiff's "subjective complaints" of disability.

The Appeals Council was no more able than am I to evaluate the effect of this evidence upon the ALJ's crucial holding on the weight to be accorded plaintiff's testimony. Many decisions have held that a court may remand to the Secretary for the taking of additional evidence on a showing much less substantial than that required, for example, to require a new trial before a court. *See, e. g., Schroeder v. Hobby,* 222 F.2d 713, 715 (10th Cir. 1955); *Epperly v. Richardson,* 349 F.Supp. 56, 61 (W.D.Va. 1972); *Blanscet v. Ribicoff,* 201 F.Supp. 257, 264–65 (W.D.Ark.1962).

In one decision a District Court found that a remand to the ALJ for taking of additional evidence was necessary where the Appeals Council had received substantial written medical evidence after the hearing, in order that the doctor who had given the written evidence could testify in person. *Epperly v. Richardson, supra.* Because of the relationship of the medical evidence to the question of plaintiff's credibility, the case at bar presents at least as strong a case for remand as *Epperly.* Additionally, the wooden phrases of the Appeals Council's decision, which merely paraphrase the new evidence and state that it "does not affect the conclusion reached in the decision in your case" (Record at 4), give me little confidence that this evidence received more than *pro forma* examination.

Because the record is defective as hereinabove described, I cannot determine whether the Secretary's decision is supported by substantial evidence. Accordingly, defendant's motion and plaintiff's cross-motion for summary judgment are hereby ORDERED denied, and the case is hereby ORDERED remanded to the Secretary for additional proceedings in which the plaintiff's claims

may be evaluated in light of all the evidence available.