Ralph A. Child, Asst. U.S. Atty., D.Mass., Boston, Mass., for defendant.

**James McNEIL**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services.**

**Civ. A. No. 82–2271–Z.**

United States District Court, D. Massachusetts.

Oct. 3, 1983.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff James McNeil, an unsuccessful applicant for Disability Insurance Benefits, 42 U.S.C. § 423, and for Supplemental Social Security Income Benefits, 42 U.S.C. § 1381a, challenges the determination of the Secretary of Health and Human Services ("Secretary") that he failed to establish disability within the meaning of the applicable law [*] and is thus ineligible to receive the benefits for which he applied. He attacks the finding pursuant to 42 U.S.C. § 405(g) which allows for judicial review with the proviso that the Secretary's findings of fact are conclusive if supported by substantial evidence. The case is before me on cross motions for summary judgment. Plaintiff moves in the alternative for remand to the Secretary.

[*] The following standard is used to determine disability which will entitle an applicant to receive payment under 42 U.S.C. § 423. "An individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). *See also* 42 U.S.C. § 423(d)(3) and (4). These provisions are equally applicable to the SSI program. 42 U.S.C. § 1382c(a)(3)(A), (B), and (C).

Plaintiff is a 36 year old man with a seventh grade education. In 1969, he was shot in the shoulder and stomach. The bullet is still lodged in his spine. Plaintiff worked from 1969 to 1980 at various jobs, at which time, he says, the pain from his back became unbearable. He was admitted into the hospital for a two week stay and has not worked since.

Plaintiff filed his application for benefits on September 15, 1980. It was denied, as was a request for reconsideration. A hearing was then held before an Administrative Law Judge ("ALJ") on October 1, 1981. After considering plaintiff's testimony at the hearing and the medical reports of several doctors, the ALJ found that plaintiff has the residual functional capacity to perform sedentary work. The Appeals Council affirmed on March 11, 1982.

On March 22, 1982, plaintiff requested a reopening of the review of his claim by the Appeals Council in light of new evidence, consisting of a vocational assessment report from the Morgan Memorial Goodwill Industries, Inc. ("Goodwill report") and a vocational assessment opinion letter written by a senior vocational rehabilitation counselor. This request was denied on June 22, 1982. Additional evidence became available when, subsequent to the final decision of the Secretary, plaintiff was again admitted into Boston City Hospital for treatment of his low back pain. During his hospital stay, a myelogram was performed on plaintiff revealing a "small midline and right-sided disc herniation at L4–5 space." In light of the new evidence in this case, relating to both the plaintiff's residual functional capacity and the etiology of his back pain, I conclude that a remand to the Secretary for further factfinding is appropriate.

Under 42 U.S.C. § 405(g), the court may remand a case to the Secretary "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...."

The evidence is clearly material, bearing as it does on the central issues in this case.

Both the Goodwill report and the vocational assessment opinion letter are at odds with the ALJ's conclusion that plaintiff has the residual functional capacity to perform sedentary work. The 1983 medical records relate directly to the cause of plaintiff's back pain and may well affect the ALJ's determination that plaintiff's subjective complaints of severe pain are not credible. *See Bomes v. Schweiker,* 544 F.Supp. 72, 75–76 (D.Mass.1982) (allowing remand for new evidence indicating that herniated disc was cause of plaintiff's symptoms). As a result, had the new evidence been before the Secretary, her decision "might reasonably have been different." *Falu v. Secretary of Health and Human Services,* 703 F.2d 24, 27 (1st Cir.1983). The evidence is new. Although both the Goodwill report and vocational assessment opinion letter were considered by the Appeals Council, albeit only *after* it affirmed the decision of the ALJ, the Appeals Council could not evaluate what effect this evidence would have on the ALJ's overall assessment of the case. *See Rosowicz v. Secretary of Health, Education and Welfare,* 477 F.Supp. 669, 671 (W.D.N.Y.1979) (allowing remand for evidence submitted to Appeals Council prior to its final decision).

Finally, good cause exists for the late submission of this evidence. Only the Goodwill report was in existence prior to the decisions of the ALJ and Appeals Council, and it was not received by the plaintiff until March of 1982. At that time, it was immediately filed with the Appeals Council.

The motions of both parties for summary judgment are denied, but because plaintiff has made the requisite showing for remand and in light of the potential relevance of the new evidence to the decision of the ALJ, plaintiff's alternative motion for remand is allowed.